ABRAHAM BENNETT, Appellant, vs. LUCIAN B. GILLETTE, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The relation between parent and child confers upon the child the right to use, in a careful and proper manner, such property of the parent as is customarily applicable to family purposes, and the law in such case implies no promise to pay an equivalent for its use. Where a parent furnishes an establishment for his family, the law will presume an authority in the several members thereof to enjoy it, and refers all questions concerning the internal police of the domestic circle to the arbitrament of the social code, so long as its differences do not trench upon the rights of others.

Verdict in favor of Defendant and judgment for costs; the Plaintiff appeals. The opinion gives an abstract of the facts proved upon the trial.

The following are the points and authorities relied upon by Counsel for the Appellant:

*First.*—The Respondent justified the taking of the property of Appellant on the ground of authority for so doing, derived from the Appellant, through and by the Appellant's agent, Leodora Bennett. The evidence of the Appellant, and said Leodora Bennett, was that she, the said Leodora, had no authority or control over said property whatever, and had never exercised any. This evidence is not rebutted or contradicted. No authority on her part, over the property, is shown by the Respondent.

The defence therefore fails entirely, and the verdict of the jury has no evidence to support it, and is against evidence and should be set aside, and a new trial ordered. No agency can be inferred or presumed, from any facts proved in the case. *Parsons on Contracts, Vol.* 1, *p.* 43 *and* 249; *Dunlap's Paley on Agency* 162 *and authorities cited.*

*Second.*—A new trial should always be granted when the verdict is clearly against the evidence and the weight of evidence. 5 *U. S. Digest, p.* 574, *Sec.* 628 *and authorities; Newell vs. Wright,* 8 *Conn.* 319.

[The points and authorities of Counsel for Respondent are not on file.]

SANBORN, FRENCH & LUND, Counsel for Appellant.

BRISBIN & BIGELOW, Counsel for Respondent.

*By the Court*—FLANDRAU, J. The Plaintiff at the time of the accident, which forms the subject of this action, resided a short distance from the city of St. Paul, in the country. His daugter, Leodora Bennett, a young lady of eighteen or nineteen years of age, who had always resided in his family, was on a visit at the home of a friend in St. Paul, where she was accustomed occasionally to go. On the morning of the 30th of August, her brother, a young man who also resided in his father's family, and had the "general control of the Plaintiff's business on his farm," drove the Plaintiff's horses and carriage into the city to bring his sister Leodora home ; on his arrival he drove up to the house where his sister was, and fastened both horses to the fence near the house. He then saw his sister and informed her that he had brought the team in to carry her home ; he then went down town, leaving the horses where he had fastened them. Shortly after this the Defendant came by and was accosted by Miss Bennett, who informed him that she desired to see him, and he went in. While in the house it was suggested by some one, who, is unimportant, that they should attend a funeral which was to take place at a church at some distance from the house where they were ; a lady present remarked that the distance was too great to walk, and Miss Bennett suggested that "there were the horses, and he (the Defendant) could drive us down." Upon this, the Defendant unfastened the horses, and the party set out; on the way the horses became frightened, something about the carriage or harness gave way, and the horses ran off, throwing the inmates of the carriage out, dashing the vehicle to pieces, and killing themselves. Upon this state of facts the Plaintiff brings an action against the Defendant in the nature of trover for taking and converting his property. On the trial below the Judge charged

the jury that they "might take the relation existing between the Plaintiff and his daughter into consideration, with all the other facts and circumstances of the case, to determine whether or not she was the agent of the Plaintiff in regard to the property mentioned and described in the complaint;" which charge was excepted to by the Plaintiff. The jury found a verdict for the Defendant, and from the judgment entered thereon the Plaintiff appeals.

I have been thus particular in detailing the facts of the case, as a slight difference in the statement of them might materially change their legal effect. The relation of parent and child, existing between the Plaintiff and Leodora Bennett, conferred upon her the right to use in a careful and proper manner such property of her father, as was customarily applicable to family purposes; as, for instance, the furniture of his house, and we think the family carriage and horses, subject, of course, to those regulations which parental wisdom should dictate, and parental authority enforce. Where one person uses the property of another who is as to him a stranger, the law implies a promise to pay an equivalent for its use. Yet, where members of the same family do the same thing in the ordinary intercourse of life, no such implication will follow, but if an action can be sustained at all, an express promise must be averred and proved. In the same way, where one person performs work, labor or services for another, with his knowledge and assent, the law will imply a promise to pay a fair remuneration for the benefit received, whereas no such presumption will arise between members of the same family in similar cases, and under similar circumstances. Can there be any doubt that the child may use the books in the father's library; hunt with his gun and dogs; sail in his yacht, and even invite a friend to participate with him in these pursuits or amusements? We think not. The law of the land imposes the obligation upon the parent to furnish the child with the necessaries of life; and the law of nature prompts him to supply those comforts and luxuries compatible with his social position, which will refine and elevate his mind; improve and develop his body, and fit him to assume the responsibilities and duties of the citizen

When a parent furnishes an establishment for his family, the law will presume an authority in the several members theref to enjoy it, and refer all questions concerning the internal police of the domestic circle to the arbitrament of the social code, so long as its differences do not trench upon the rights of others.

In this case we cannot see how there was any impropriety in the daughter of the Plaintiff using the carriage which had been sent into the city for her, for any of the general purposes which such property is devoted to in families, either in conveying her to a friend's, or to church, as in this instance; nor do we think she exceeded the limits of a prudent exercise of her privileges, by extending them to her friends who were present. She certainly did not by so doing violate any known law of courtesy, but we think exhibited a degree of forethought and prudence in securing the services of the Defendant to drive the horses, which was commendable to her judgment. We do not think the Defendant can be said to have taken the property at all, or to have had it under his control or in his custody or possession, but he was simply a passenger at the invitation of the Plaintiff's daughter, who had competent and adequate authority by virtue of her relation to the Plaintiff to use the carriage and horses for the purpose to which they were being applied.

The case does not make out any negligence on the part of the Defendant in the manner in which he drove or otherwise, and we see no principle upon which he can be made liable for the loss the Plaintiff has sustained. It is one of those unfortunate accidents for which the law furnishes no redress.

The judgment of the Court below is affirmed.