THOMAS CLUSKEY, Appellant, *v.* THE CITY OF ST. LOUIS, Respondent.

50 89
49a 587

1. *Practice, civil — Instruction given after argument, effect of.*— The giving of an instruction after the close of the argument before the jury, although irregular, is no ground for the reversal of a cause where the giving of the instruction could work no harm.

*Appeal from St. Louis Circuit Court.*

*J. Niel*, for appellant.

*E. P. McCarty*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought by plaintiff, as assignee of W. W. Buel, for work, etc., performed for the city. The answer set up that all the work which Buel did had been paid for. The work sued for was alleged to be extra, but this was denied by the city. Upon the trial each party gave evidence tending to prove the issues on his part. After the close of the evidence, the plaintiff asked several instructions, all of which were refused except the third, which was given in a modified form, by which the jury were told that the plaintiff could recover on his hypothesis, "unless the jury further find that it was understood or agreed between said board of health and said Buel, that the washing of the streets, alleys and gutters was to be done by said Buel without extra charge therefor."

This instruction, as modified, presented the whole case fairly to the jury, and therefore it is unnecessary to consider or pronounce upon the refused instructions, some of which were mere abstract propositions, and not correctly stated. After the argument closed, the court, at the instance of the defendant, by instruction withdrew from the jury a written contract between the city and Buel which had been referred to in the answer and given in evidence. The proper time to give instructions to a jury is after the evidence is concluded and before the case is argued. (See Wagn. Stat. 1046, § 47.) But the withdrawal of this contract from

the jury could have done the plaintiff no harm. · If it had **any** effect at all it was in his favor.

Upon the whole record we ·see no error sufficient to demand a reversal. Judgment affirmed. · The other judges concur.