| 1 | 179 |
| 49 | 583 |

KATE BURNS, by THOMAS BURNS, her Guardian, Respondent, *v.* HENRY WILSON, Appellant.

### February 14, 1876.

1. Where the aggregate of damages claimed in a petition was $1,200, and part of the claim, stated at $300, was excluded by an instruction, a verdict for $1,200 cannot be sustained.

2. It is erroneous to give an additional instruction to the jury after argument and submission of the cause, unless it appear that the party complaining could not have been prejudiced thereby, or that it was necessary in order to rectify some omission or oversight.

3. The relation of father is not essential to the position of next friend of an infant plaintiff.

4. It is too late to object, in this court, that the jury were sent out of the court-room to hear the arguments of counsel, when it does not appear that any unfairness resulted, or that any objection was offered at the time.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Thomas S. Espy*, for appellant, cited: Sec. 9, ch. 110, Practice in Civil Cases, Wag. Stat. 1001; State, to use, *v.* Matson, 38 Mo. 489; Winston *v.* Taylor, 28 Mo. 86; Owens *v.* Hannibal & St. Jo. R. R. Co., 58 Mo. 386;

Norton *v.* Ittner, 56 Mo. 351; Art. 9, sec. 47, Practice in Civil Cases, Wag. Stat. 1046; McCloskey *v.* City of St. Louis, 50 Mo. 89; Brown *v.* Hannibal & St. Jo. R. R. Co., 37 Mo. 299; Vaughan *v.* Scade, 30 Mo. 600; Scott *et al. v.* Russell, 39 Mo. 407; Art. 8, sec. 3, Practice in Civil Cases, Wag. Stat. 1034; Dunn *v.* Raley, 58 Mo. 136; Gibson *v.* Chouteau, Min., 45 Mo. 178; Turner, Exr. of Benoist, *v.* Christy, 50 Mo. 148; Fitzgerald *v.* The State, 14 Mo. 413; Gutzwieler *v.* Lockman, 39 Mo. 100; Bateson *v.* Clark, 37 Mo. 31–34; Mortland *v.* Hatton, 44 Mo. 58; Richardson *v.* George, 34 Mo. 104; Parker *v.* Moore, 29 Mo. 218; Brown *v.* Hannibal & St. Jo. R. R. Co., 37 Mo. 298; Scott *et al. v.* Russell, 39 Mo. 410, *ut supra*; Gibson *v.* Chouteau's Heirs, 45 Mo. 173.

*Pope & McGinnis* and *William Hensley*, for respondent, cited: Dowzelot *v.* Rawlings, 58 Mo. 75; DeGraw *v.* Prior, 53 Mo. 313; Jones *v.* Steele, 36 Mo. 324; Montgomery *v.* Tipton, 1 Mo. 446.

LEWIS, J., delivered the opinion of the court.

Plaintiff, an infant under fourteen years of age, sues for damages by reason of the falling of a marble slab on her foot, at the defendant's marble yard. The petition states that in consequence of the injury " she was forced to incur great trouble and expense to herself, losing the value of her services for a long space of time, and her physician's bills and medical expenses amounting to more than $300," etc. She concludes thus: " Plaintiff alleges that, altogether, she has sustained damages to the amount of at least $1,200, for which she prays judgment."

The court, by an instruction, very properly withdrew from consideration by the jury all claim of compensation for loss of services and for medical or other expenses; yet the verdict was for $1,200. This was $300 more than the plaintiff claimed for the injuries which the jury were authorized to consider. The sum of $300 is distinctly specified in the petition for loss of service, medical expenses,

etc., as a part of the aggregate of $1,200 for all the damages sustained. When this item was withdrawn there was left the sum of $900, beyond which the jury could not go in estimating the damages for other injuries. There is in this error sufficient ground for reversal.

It appears that, after the argument and submission of the cause, the court, upon request from the jury, gave them an additional instruction, defendant objecting and excepting to that action. By Wagner's Statutes, 1046, section 47, "when the evidence is concluded, and before the case is argued or submitted to the jury, or to the court sitting as a jury, either party may move the court to give instructions on any point of law arising in the cause, which shall be in writing, and shall be given or refused; the court may, of its own motion, give like instructions." The manifest intent of this provision is that counsel may have the benefit of the instructions in their arguments before the jury, and thus avoid resting their cause upon any proposition of law which the court may not sustain. If this be disregarded, the court may, when the argument is concluded, put an entire new face upon the application of the law to the facts. Counsel will then have had no opportunity to illustrate this application in their clients' behalf, as the law evidently intends they should. In *Cluskey* v. *The City of St. Louis*, 50 Mo. 89, the court, after the argument closed, at the instance of defendant, withdrew from the jury, by instruction, a written contract which had been introduced for the defense. Plaintiff having appealed, the Supreme Court refused to reverse on that ground, saying that the withdrawal "could have done the plaintiff no harm. If it had any effect at all, it was in his favor." In *Dowzelot* v. *Rawlings*, 58 Mo. 75, Judge Sherwood said: "There may be instances when it will become the imperative duty of a court to rectify some omission or cure some oversight," by giving to the jury an additional instruction after their retirement. The course pursued in the present case, as exhibited by the record, derives no sanction from either of those decisions. When

the terms of a statute, even though merely directory, are departed from, the record should show the circumstances which justify it.   Here, we have no information of what the instruction was, nor yet of any omission or oversight which made it necessary.   The ordinary presumption in favor of a court's action within the sphere of its authority cannot be applied under such circumstances.   The defendant, having duly excepted to the giving of the instruction out of its proper order, is entitled to the benefit of his exception here, unless it can be shown either that the proceeding could not have prejudiced his rights, or that it had become necessary in order to avoid a greater evil.

Defendant objects that after the verdict the court permitted the father of plaintiff to qualify, under the statute, as her next friend, and caused the various entries in the record to be amended accordingly.   The point made is that no evidence had been offered to show that Thomas Burns was the plaintiff's father, and, therefore, there was nothing to authorize the amendment.   If the amendment had substituted Thomas Burns as plaintiff, instead of his daughter, on account of loss of services, etc., there might be some force in the objection.   But no such thing was attempted. He was simply admitted as next friend, making himself responsible for costs.   The relation of father was not essential to that position, and was not an issuable fact.   *Jones* v. *Steele*, 36 Mo. 324.

Complaint is also made that the jury were sent into another room to hear the arguments of counsel, while the court proceeded with other business in the court-room.   It does not appear that any unfairness resulted, or that the defendant offered any objection thereto at the time, and it is too late to object now.   He was willing to risk that method, coöperated in it, and would doubtless have been very well satisfied if the verdict had been in his favor.

For the errors before mentioned the judgment is reversed and the cause remanded.   The other judges concur.