# Parker *v.* Wilson.

## *Automobile Accident.*

(Decided November 26, 1912. 60 South. 150.)

1. *Pleading; Admission; Not Guilty.*—Under section 5331, Code 1907, a plea, in an action for wrongful death, asserting that the defendant is not guilty of the negligent and wrongful matters alleged against him, while not in the language of the statute, is a sufficient general denial, and did not amount to an admission that the driver of an automobile by which intestate was killed was the servant of the defendant and acting within the line and scope of his authority.

2. *Appeal and Error; Record; General Charge; Failure to Incorporate.*—Where after setting out all the evidence a bill of exceptions recited that the defendant requested the general charge in writing and that the court gave the same and endorsed thereon the word "given" and signed his name thereto and set out a part of the court's remarks, closing with the words, "and it becomes my duty to give the general charge in favor of the defendant," plaintiff was not entitled to a reversal because the language of the charge was not set out so as to show that the charge was requested in writing and was given in the terms of the request as required by sections 5362 and 5364. Code of 1907; such objection being a mere technicality not authorizing a reversal.

3. *Negligence; Dangerous Vehicles; Automobiles.*—Automobiles are not to be classed with such highly dangerous agencies as dynamite or savage animals, and cannot be regarded as dangerous per se.

4. *Master and Servant; Relationship; Existence.*—The relation of master and servant arises invariably out of a contract, express or implied, involving an engagement by the servant to do something for the master, and the liability of the master to strangers for the negligence of the servant is founded on the idea that the master controls the manner of performance of the thing to be done.

5. *Same; Injury to Third Persons; Parent and Child.*—A minor child may become, by particular arrangement, as to third persons, the servant of the father without any agreement as to compensation; but the mere relation of father and child is not of itself sufficient to make the child the servant of the father within the rule of respondeat superior.

6. *Parent and Child; Tort of Child; Parent's Liability.*—The mere fact of paternity does not render the father liable for the torts of his monor child.

7. *Same.*—The defendant was a physician owning two automobiles for use in his business, and had a servant regularly employed to drive the machine. On the occasion in question his son, a young man about nineteen years of age, was driving one of the machines for his own purposes together with several young men not members

[Parker v. Wilson.]

of defendant's family, without the knowledge of the defendant, but under a general permit to use it when not otherwise in demand. While so using it the son ran it against intestate, causing his death. *Held,* that the son while so driving the machine was not defendant's servant and that the defendant was not liable.

8. *Same.*—While a son of defendant was using his machine for his own purposes and ran it against or upon intestate producing injuries from which he subsequently died, the fact that immediately after the injury the son procured the attendance of his father, who was a physician, and that defendant gave his services to the relief of the intestate, did not amount to an adoption of the son's act by the father so as to render him liable for such act of the son.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Wm. M. Parker, as administrator, against Cunningham Wilson for damages for the death of his intestate caused by a collision with the plaintiff's automobile while being driven by a son of defendant. Judgment for defendant and plaintiff appeals. Affirmed.

STERLING A. WOOD and CLEMENT R. WOOD, for appellant. The case of *Stowe v. Morris,* 144 S. W. 52, is an authority which this court should look to in reference to the pending case. The plea interposed was not a plea of not guilty and is an anomally in our practice and should have been stricken.—Section 5322, Code of 1907; *Ware v. St. Louis Co.,* 47 Ala. 656; *Continental Ins. Co. v. Parker,* 142 Ala. 65. The ordinance was properly proved by the Book of Ordinances.—*Barnes v. Alex. City,* 89 Ala. 60; *B'ham v. Taylor,* 16 South. 587. Counsel discuss assignments of error relative to evidence, but without the citation of authority. The general charge was not set out and although the bill of exceptions says that it is given, it is not made to appear that it was requested in writing and given in the terms as requested.—Section 5364, Code of 1907. The plea confessed the fact that the driver of the automobile was

the servant of the defendant, and the court was in error in giving the general affirmative charge, as it became unnecessary to make proof of the facts affirmed by the count.—*Smith v. Kaufman,* 100 Ala. 408; *Dreyspring v. Loeb,* 119 Ala. 282; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350; *Savage v. Walsh,* 26 Ala. 619; 31 Cyc. 206, 207, and 678. The plaintiff was entitled to the general affirmative charge.—58 Ga. 216.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEAT-TER, for appellee. The plea was that of not guilty or a general denial and put upon the plaintiff the burden of proving the material allegations of his complaint. —Section 5331, Code of 1907. The objection that the affirmative charge was not requested in writing is purely technical. The court was not in error in directing a verdict for the defendant under all the evidence in this case.—*Doran v. Townsend,* 71 Ala. 296; *Danforth v. Fisher,* 14 L. R. A. 216; *Jones v. Hogue,* 21 L. R. A. (Ms.) 93; *Hayes v. Wilkins,* 9 L. R. A. (Ns.) 1033 and note; *Reynolds v. Buck,* 103 N. W. 946.

SAYRE, J.—Appellant sued for damages for the death of his intestate alleged to have been caused by the negligent operation of defendant's automobile. Assignments of error are numerous, but the consideration of a few points will suffice to determine the appeal. Appellant seems to concede the fact, and it is beyond dispute, that defendant was not present at the accident which resulted in the death of intestate, but the machine was being driven along the street by his son, a young man then some 18 or 19 years of age. The trial court gave the general affirmative charge for the defendant on the theory that the young man was not acting as the agent of defendant at the time, and the

stress of the argument for reversal is laid upon prop-
ositions affecting the propiety of the court's action in
that regard.

Defendant's plea was in this form: That he is not
guilty of the negligent and wrongful matters alleged
against him. Plaintiff moved to strike this plea. The
objection to the plea is that it was not a general denial,
but that it confessed, without avoiding, material aver-
ments of the complaint, to wit, that defendant's son in
driving the car was acting as the agent or servant of
the defendant and in the line and scope of his authority
as such. The Code, § 5331, provides that in all actions
for injuries to the person the general issue is "not guil-
ty," and puts in issue all the material allegations of
the complaint. We do not understand why, with this
statutory provision before him, defendant should have
adopted the form of plea here shown with its unnec-
essary departure from the statutory form; nor, on the
other hand, are we able to attach much weight to the
criticism of the plea of record as meaning something
substantially different from the statutory plea. Evi-
dently the plea was treated in the court below as im-
porting a denial of the agency of the driver of the ma-
chine as well as a denial of any wrong or neglect on
the part of the driver in the causation of the death of
plaintiff's intestate. A due regard for that principle of
appellate procedure which would deny reversal on tech-
nical grounds having no relation to the merits of the
case requires that the ruling of the trial court in this
regard be not disturbed. A combination of all the ma-
terial averments of the complaint was necessary to con-
stitute the wrong complained of, and this, though some
of them, as, for example, that defendant had appointed
**his son his agent to drive** his automobile, standing
alone, may have been neither **negligent nor wrongful,**

and so did not fall within the literal denial of the plea. The plea, in our judgment, was properly accepted as a denial of everything necessary to constitute guilt, and the motion to strike was rightly overruled.

The bill of exceptions, after setting out all the evidence, recites that the defendant requested the general charge in writing, and the court gave the same, and indorsed thereon: "Given, E. C. Crowe, Judge." In the same connection the court said, inter alia: "According to my idea of the law pertaining to the facts as given in this particular case by the plaintiff's witnesses, granting everything they say to be true, under the law he would not be entitled to recover, the main point being that this injury and death must result as an act on the part of the agent or servant of Dr. Wilson, and there is no evidence to show that Frank Wilson was the agent or servant of Dr. Wilson at the time of the action (accident?); and it becomes my duty to give the general charge in favor of the defendant, which I do." The point taken against the trial court's action as shown by the record is that the language of the charge is not set out, and we must presume that the argument for a reversal would have us infer that the charge given, if set out in verbis, would disclose error on the part of the trial court even though there was an absence of any evidence going to show that the driver of the automobile was at the time acting as the agent or servant of the defendant, this, because the statute, section 5362 of the Code, forbids the court to charge upon the effect of the testimony, unless required to do so by one of the parties, and because charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written.—Code, § 5364. But this would be to reverse upon an exceedingly narrow and highly technical interpretation of the record and

the statutes. The term "general charge" is of common use in all the courts of this state in which trials are had by jury, and we cannot affect to doubt the meaning of the record in this case. The burden of showing error rests upon the appellant, and if possibly there was error in the terminology of the charge, as distinguished from the purpose sought to be accomplished by its request and the purpose which evidently the jury did not misapprehend, it was for the appellant so to state the subject-matter of the exception as to leave no reasonable room for the operation of the rule, of willing and constant observation here, which indulges all intendment in favor of the trial court. The assignment can avail the appellant nothing.

No question being made but that the issue of negligence vel non in the operation of the machine would have required the determination of customary triers of fact, if in other respects the case was proper for submission to the jury, we come now to the only question of merit presented by the record: Whether, on the scanty facts shown, the jury might have found that defendant's son was acting as his agent or servant in driving the car in such kind as to bring into operation the rule of respondeat superior? It was made to appear in the proof that defendant was a physician in active practice and kept two automobiles for use in visiting his patients. He had a servant regularly employed for driving his machines. On the occasion in question the son was using the machine for his own purpose and without the knowledge of defendant. He had with him two gentlemen, and the inference is that they were not members of defendant's family. In view of the general proposition that the law will not presume a violation of social or contract duty, it may have been open to the jury to infer from the facts heretofore stated that de-

[Parker v. Wilson.]

fendant's son had a general permit to use the machine when not otherwise in demand. Probably also, if the contrary was true, and a knowledge of the fact essential to the proper presentation of the defense, the fact was within the peculiar knowledge of the defendant, and he should have produced countervailing evidence.

General principles of law governing the case are more or less familiar. The mere fact of paternity does not make the father liable for the torts of his minor child. The father is entitled to the services of his minor child, but that is a branch of the law of the family in which each individual works for the well-being of all others without expectation of specific compensation; as a practical proposition it amounts to this only: That the father is entitled to receive any wages the child may earn; there being no legal sanction for the assertion of greater right by the father against the child. Command is assigned to pater familias because upon him devolves responsibilty for maintenance and in large measure for discipline. The strict relation of master and servant invariably arises out of contract, express or implied. It involves an engagement by the servant to do something for the master, and the master's liability to strangers for the negligence of his servant is founded upon the idea that he controls the manner of the performance of the thing to be done. As to third persons the minor child may become by particular arrangement the servant of the father, and this without agreement for compensation; but the relation of father and child has never of itself sufficed at the common law, prevailing in this state, to make the child the servant of the father within the meaning of the rule of respondeat superior, or to impose upon the parent liability for torts committed without his knowledge or authority.—29 Cyc. 1665. The parent's responsibility in

such case is governed by the ordinary principles affecting the liability of a principal for the acts of his agent, or a master for his servant.—1 Jaggard, Torts, p. 160.

The meager facts before us, though interpreted with favor to the appellant, present the case of a mere permissive use of the father's vehicle by the son for his own purposes of business or pleasure. On what principle can it be said, in this state of the case, that the son was the servant of the defendant and acting within the course or scope of his employment? It seems clear that the ordinary rule of master and servant has no application to such a case, and, prior to the advent of the automobile, the contrary doctrine had no general currency in this country or England.—*Tifft v. Tifft,* 4 Denio (N. Y.) 175; *Edwards v. Crume,* 13 Kan. 348; *Baker v. Haldeman,* 24 Mo. 219, 69 Am. Dec. 430; *Moon v. Towers,* 98 Eng. Com. Law, 611; *Kumba v. Gilham,* 103 Wis. 312, 79 N. W. 325; *Bennett v. Gillette,* 3 Minn. 423 (Gil. 309), 74 Am. Dec. 774; *Johnson v. Glidden,* 11 S. D. 237, 76 N. W. 933, 74 Am. St. Rep. 795; Schouler, Dom. Rel. § 263.

We find *Daily v. Maxwell,* 152 Mo. App. 415, 133 S. W. 351, *Stowe v. Morris,* 147 Ky. 386, 144 S. W. 52, and *Moon v. Matthews,* 227 Pa. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902, referred to as sustaining appellant's contention for appellee's liability in this case. The first named of these cases is closely in point and does clearly hold with the appellant. In the second there were members of the family, other than the driver, in the machine. The third may be discriminated on the very substantial ground that the machine was being operated by a driver regularly employed for the purpose. The doctrine contended for amounts to this: That the pleasure of the family in its utmost detail is the business of the father. As applied to the

case at hand, it means that the son, in pursuit of his own pleasure, with an automobile owned by his father, was engaged in the business of the father. But the doctrine, we think, has no firm foundation in reason or common sense. In theory it overlooks well-settled principles of law; in practice it would interdict the father's generosity, and his reasonable care for the pleasure or even the well-being of his children, by imposing an universal responsibility for their acts. As said in *Doran v. Thomsen*, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677: "It would subject a parent to liability if he bought for his son a baseball or for his daughter a golf club, and, by permitting them to be used by his children for their appropirate purposes, injury occurred. It bases the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child. This proposition ignores an essential element in the creation of that status as to third persons, that such use must be in furtherance of, and not apart from, the master's service and control, and fails to distinguish between a mere permission to use and a use subject to the control of the master and connected with his affiairs." In the case from which we have just quoted it was held, on facts substantially identical with those in the case at bar, that the owner of the automobile and father of the driver was not liable. So in *Maher v. Benedict*, 123 App. Div. 579, 108 N. Y. Supp. 228. The same conclusions finds support in *Smith v. Jordan*, 211 Mass. 269, 97 N. E. 761, which case is stated and commented upon in 75 Cent. Law J. 43, as follows: "Thus in the Massachusetts case a father purchased an automobile for the use of his family, and his minor son was the only member of the family licensed to operate it. The

wife had permission to use it at her pleasure, and the son was expected to obey any request of his mother to take her out in the car. Plaintiff was injured by the son's negligence when he was taking his mother out, at her request. The court said: 'If, instead of hiring a stranger, the father chose to have the same work performed by his minor son, to whose time and services he was entitled as a matter of law, it could not be ruled as a matter of law that a jury might not find the business to be that of the father. This is not a case of mere permissive use of the father's vehicle by the son for his own pleasure.' This authority, therefore, might even be deemed against, rather than in support of, the principal case (*Stowe v. Morris, supra*), especially when it was stated in another part of the opinion: 'If the act is not done by the son in furtherance of the father's business, but in performance of some independent design of his own, the father is not liable.' Liability was placed merely on the fact that there was room in the evidence for the jury to find that a request by the defendant's wife was equivalent to direction by him for his son, as his hired man, to perform for him a service."

Our opinion is that the evidence, at best for appellant, authorized a finding of a mere permissive use by his son of the defendant's automobile, and that for the son's negligence therein the defendant is not liable.

Automobiles are not to be classed with such highly dangerous agencies as dynamite or savage animals. They are not dangerous per se. Prudently driven, they are safer than the horse-drawn vehicle. But the special training needed for their operation, though simple and easily acquired, as well as the temptation to speed which they constantly present, should impose upon owners a special degree of care in the selection of experienced and judgmatic drivers for them. No doubt

[Parker v. Wilson.]

liability will arise where the owner intrusts a machine of such dangerous potentialities to the hands of an inexperienced or incompetent person, whether child or servant. In the case of a mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation. No such case is presented by either the pleading or the evidence shown in this record.

Nor do we need to consider the effect of the statute, passed since this case arose, requiring "chauffeurs"— seeming thereby to intend hired drivers—to be licensed (Gen. Acts 1911, p. 634), nor the ordinance of the city of Birmingham which prohibited, among other things, any person to operate a motor vehicle upon the streets of the city without the written permit of the clerk of the city. Whether defendant's son had a permit does not appear. The ordinance was offered in proof of that count of the complaint in which it was charged that defendant's servant or agent operated his automobile in excess of the speed limit prescribed thereby.

Something is said about defendant's adoption of his son's act by ratification. The only basis for this suggestion is found in the fact that, immediately after plaintiff's intestate had been injured, the son procured the attendance of his father, and the latter gave his services for her relief. This was after the event which could not be then recalled. What had been done could not be undone, nor its consequences avoided. There were on the part of defendant no words of approval. There was only a proper response to the suggestions of common humanity. Defendant could not have done less without incurring the odium of a cold and selfish inhumanity. As a ratification and adoption of the son's

previous wrong, if wrong there was, this was wholly insufficient.

Rules of exclusion were rather narrowly applied to questions raised upon the evidence. But rulings against the appellant related not at all to the controlling issue, i. e., the question whether the defendant was responsible in any event for what his son had done. Whether properly ruled or not, they were harmless in that view of the case entertained by the trial court and in which we have concurred. Though all these questions had been ruled in favor of the plaintiff, the result would not have supplied the deficiency in his proof.

Let the judgment be affirmed.

Affirmed. All the Justices concur.