W. C. TAPSCOTT, Respondent, v. MARVIN TYSON, Appellant.

**Kansas City Court of Appeals, June 14, 1915.**

1. **NEGLIGENCE: Automobiles: Father and Son.** The question is discussed whether the father owning an automobile for use of himself and his family, is liable for the negligence of his son driving the automobile in escorting a young lady friend from church.

2. ————: ————: **Petition: Damages: Lump Sum: Verdict.** If a petition for damages for negligence in driving an automobile against plaintiff's buggy, asks damages, in a lump sum, for the personal injury and injury to the horse and destruction of the buggy and harness; and, on account of failing to prove the value of the horse, buggy and harness, the court directed that no damages could be allowed for those items, yet the jury returned a verdict for the entire sum claimed, it was *held* that such verdict should be set aside.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

REVERSED AND REMANDED.

*L. T. Dryden* and *T. J. Hacksler* for appellant.

*E. C. Hamilton* and *John F. Thice* for respondent.

ELLISON, P. J.—This is an action for damages alleged to have resulted to the plaintiff by reason of

the negligence of defendant's son in driving the defendant's automobile. The judgment in the trial court was for the plaintiff in the sum of $2000, being the full amount asked by him in his petition.

It was shown by the evidence in plaintiff's behalf that defendant, a farmer, was the owner of an automobile, which he kept for the use of himself and family. That his minor son, nineteen years of age, was a member of the family and drove the machine for himself, and also generally did so when any of the family were using it. A young lady acquaintance of the family lived in the same neighborhood and the son frequently escorted her to places in the neighborhood. On the day in question, the son had an engagement with the young lady to take her to church. The arrangement being that he would drive the machine over after her, come back by his home, take in his father and mother and other members of the family and all go to church together. On returning from church, when they got near home, the family got out and walked to the house, while the son proceeded with the young lady to her home. At this time plaintiff, a young unmarried man, and a young lady friend, were a distance up the road, in a one horse buggy, driving in the opposite direction. They saw the machine approaching, and turned out to the side of an embankment and stopped, the young man calling out to stop the machine. But, it seems he was not heard, or, at least, not heeded and the machine ran against a wheel of the buggy, the horse became frightened, the buggy was turned over and plaintiff suffered painful injuries. At this point, considerable space in the record is occupied about what was said and done by the parties, the injury to plaintiff, his horse, harness and buggy, etc., which we need not notice further than to say, there was enough evidence to support a finding of negligence on part of defendant's son.

The action is based on the theory that the defendant is liable for the negligence of his son. In Daily v. Maxwell, 152 Mo. App. 415, where a minor son asked and obtained the consent of his father to take a party of his young friends out riding in an automobile, the father kept for himself and his family, we held the father liable for the negligence of the son in colliding with a buggy being driven along a street. That case is relied upon by the plaintiff in this case. It has been cited several times in the courts of other States. It is quoted from at length and fully approved by the Supreme Court of Kentucky in Stowe v. Morris, 147 Ky. 386. It is doubted in McNeal v. McKain, 33 Okla. 449, 455, and strongly condemned by the Supreme Court of Alabama in Parker v. Wilson, 179 Ala. 361, 60 So. 150; 43 L. R. A. (N. S.), 87, 90, and, though not cited, the rule announced therein is disapproved in Reynolds v. Buck, 127 Iowa, 601, and Doran v. Thomson, 76 N. J. L. 754.

The question arose in the Springfield Court of Appeals and the rule announced in Daily v. Maxwell, was again discussed. [Hays v. Hogan, 180 Mo. App. 237.] On the hearing the court adopted the view of Daily v. Maxwell, but on a motion for rehearing, and further consideration, Judge STURGIS thought it to be erroneous and contrary to certain rulings of the Supreme Court concerning the same principle, and the case was thereupon certified to that court and is now pending there for final determination, which will doubtless be had before this case is reached in the trial court to which we have concluded to remand it, on the ground following.

The petition charges injury to plaintiff personally and to his property, the combined damage being two thousand dollars, and the verdict of the jury was for that sum. The allegation is in these words: "That by reason of the carelessness and negligence aforesaid, plaintiff sutsained damages as follows: The horse

driven by this plaintiff was seriously cut, bruised and
ruined, that the vehicle in which plaintiff was driving
was destroyed together with the harness with which
said horse was attached to said vehicle and that the
clothes of this plaintiff were torn from him, soiled and
ruined, and that his watch was broken and ruined.
That by reason of said carelessness and negligence
plaintiff suffered great physical injuries and lost much
time from work; that he has sustained a serious and
permanent injury to his right arm and has been caused
to suffer much pain and mental anguish by reason of
the premises. . . . Wherefore, the premises con-
sidered plaintiff prays judgment in actual damages in
the sum of two thousand ($2000) dollars and for his
costs in this action expended.''

After the evidence was heard, including the injury
to the horse and buggy and the destruction of the
harness, the trial court ruled that there was no evidence
of the value of the property thus injured and de-
stroyed, or of the amount in which it was damaged,
and therefore, by an instruction, excluded that part of
the damages from the consideration of the jury, yet
there was a verdict and judgment for the amount of
the claim, including that part of it. Plaintiff's total
damages were $2000, made up in great part, by the
severe injury shown to have been inflicted upon the
horse, the damage shown to the buggy and the destruc-
tion of the harness. By omitting that damage, what-
ever it was, plaintiff's total originally claimed was
necessarily reduced. Yet a verdict and judgment were
rendered for the full amount. That is to say, he has
been allowed his full claim when only a part of it is
proven.

We have been cited to Burns v. Wilson, 1 Mo. App.
179, where the full amount claimed was $1200. Of
this sum $300 was for loss of services, physicians bills,
etc. The trial court, by instruction, withdrew that part
of the claim, yet the jury allowed the full amount and

the judgment was therefore reversed. The only difference in that case and this is, that there the sum unproven was named, while here it is not. But it is just as specifically alleged and proven to be a part of the claim, as if a specific amount had been named.

The judgment is reversed and the cause remanded. All concur.