**REW et al. v. STODDARD et ux.**    (No: 6462.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1920. Rehearing Denied Dec. 16, 1920.)

1. **Master and servant** ⬤⟳302(6)—**Negligence of servant using automobile for his own enjoyment will not make owner liable.**

A master is not liable for the servant's negligence in using an automobile with permission for his own enjoyment and in no sense in the business of the master.

2. **Master and servant** ⬤⟳301(1)—**Father not responsible for negligence of adult son using automobile for pleasure in violation of orders.**

Where an adult son, living with his father but working for another, took his father's automobile for his own pleasure, without his father's knowledge and in violation of his father's orders, although on occasions permitted to use the car for his own purpose, the father was not responsible for the son's negligent driving.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Joseph B. Stoddard and wife against W. W. Rew and Wallace B. Rew. From a judgment for plaintiffs, defendants appeal. Reversed and rendered as to W. W. Rew and affirmed as to Wallace B. Rew.

Carl, Swearingen & Clifton, of San Antonio, for appellants.

Leo Tarleton and Ryan & Matlock, all of San Antonio, for appellees.

COBBS, J. This suit was instituted by appellees to recover from appellants damages resulting from injuries caused to Mattye F. Stoddard, wife of Joseph B. Stoddard, by the reckless driving of an automobile operated by Wallace B. Rew, son of W. W. Rew, whose car he was using at the time of the collision. Trial was with a jury, and judgment was against appellants for $750.

It is alleged that the car which Wallace B. Rew was operating collided with and ran violently against the car owned and operated by appellees, whereby appellees' car was overturned, broken, and damaged, and Mattye F. Stoddard was thrown out and she sustained various serious injuries.

It is sought to hold W. W. Rew responsible as the owner of the car for the act of his son, Wallace B. Rew, who the evidence showed, at the time of the alleged accident, though residing at the home of his father, was engaged in business as an employé of another than his father and earning a salary for himself, and was the owner of a car which he kept up at his father's residence and used himself. His father forbade him to use his car, because he desired its use exclusively for himself and wife, and not for family use. On occasions, when the son desired it for special uses, perhaps, such as taking ladies or friends to parties or to ride for pleasure, he made special request of his parents for its use, and generally got it, but was not in the habit of using it without such permission. This time, however, it was taken out without their knowledge or consent, and upon no business of his father whatever. Though living with his father, he was in no business with or for him, but working for the Magnolia Petroleum Company for a salary on his own account.

[1] It has been held that the master would not be responsible for the torts of servants done not within the scope of their duty or in furtherance of the master's work or business. Using the automobile with the consent of the master for his own enjoyment, and in no sense in the business of the master, will not, for that reason, make the master responsible for the negligent acts of the servant. Van Cleave v. Walker, 210 S. W. 768.

The Supreme Court of Missouri, in Hays v. Hogan, 273 Mo. 1, 200 S. W. 288, L. R. A.

---

1918C, 715, Ann. Cas. 1918E, 1127, held that a minor child operating his machine for that reason cannot be regarded as the father's agent performing his service. Nor is he liable for the torts of his minor child, or adult child for that matter, simply because of that relationship, Nor is he liable for the negligence of a minor son in driving an automobile, purchased for the use of a family solely, in pursuance of the child's own business or pleasure, and permission of the father is immaterial.

The Supreme Court of Alabama, in Parker, Administrator, v. Cunningham Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) p. 87, held the operation by a minor for his own pleasure without his father's knowledge, but by implied general permission, does not make him the father's agent so as to render the father liable for his torts.

It was held by the New York Court of Appeals, in Phoebe A. Van Blaricom, Administratrix, v. Frank L. Dodgson, 220 N. Y. 111, 115 N. E. 443, L. R. A. 1917F, 363, one owning an automobile for the use of the family is not liable for injury negligently caused by his adult son, a capable driver, when with the owner's permission he is using the car for his own pleasure, even though on the theory that in so doing he is really carrying out the business of the owner of furnishing such pleasure.

We have examined the authorities relied on by appellee, and especially that of Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 64, upon which he seems most to rely, and do not find that it, or any of the others, supports appellee's position. In those cases the cars at the time of the alleged injury were in the discharge of some business, pleasure, or duty of the parent in which he was engaged, such as for the pleasure of a guest of the family, or for the family.

Appellees' own brief and argument concedes the facts as above stated.

[2] The facts show Wallace B. Rew was over 21 years of age; was using his father's car at the time, for his own pleasure, and in no sense for his father or family, but contrary to his father's express authority, although he was often permitted to use the car for his own purposes, not related to any family purposes or uses. Upon the facts herein presented it was the duty of the trial court to instruct a verdict for appellant, W. W. Rew.

We have examined all the assignments of error, and the charges of the court submitted to the jury, and their replies as to the defense of Wallace B. Rew. We believe the issues were properly submitted, and there was no error committed in giving them. The findings and verdict of the jury are fully sustained as to Wallace B. Rew, and as to him the assignments are overruled.

The judgment of the trial court as to W. W. Rew is reversed, and judgment here rendered that appellees take nothing as to him, and that he recover all costs in his behalf expended, but as to Wallace B. Rew the judgment is in all things affirmed.