JAMES McGOWAN *vs.* WILLIAM R. LONGWOOD.

Suffolk.     May 16, 1922. — July 1, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Agency,* Existence of relation, Scope of employment. *Motor Vehicle,* "Family use." *Negligence,* Motor vehicle.

At the trial of an action of tort for personal injuries caused to the plaintiff through negligent operation of a motor car of the defendant by his minor son, a duly licensed operator, there was evidence tending to show that the defendant bought the car for the use of his family and that on the day in question the son, who lived at home, without his father's knowledge obtained the keys to the garage, which were kept in the house, and with a companion took out the car for a pleasure ride; that they finally went to a store where the companion bought some goods which were being taken to the companion's home when the accident happened. It did not appear conclusively that either the son who was driving the car or his brother, who also was a member of the family holding an operator's license, had been forbidden its use unless the defendant's consent first was obtained. A motion by the defendant that a verdict be ordered in his favor

was denied and the jury were charged in substance that, to fix liability upon the defendant, he must be found expressly or impliedly to have authorized the use of the car by his son, and that, "where a parent purchases an automobile for the use of his family, a child, a member of that family, using it for the purpose the automobile was contemplated to be used and bought to be used for, in using it inflicts injury on another through his, the son's negligence, that negligence may be chargeable to the father who owned the vehicle." *Held*, that

(1) There was no evidence upon which a finding would have been warranted that the son was using the car as the servant or agent of the defendant in the scope of his employment;

(2) A verdict for the defendant should have been ordered.

TORT for personal injuries received when the plaintiff was run into by a motor car of the defendant alleged to have been driven negligently by his son. Writ dated October 17, 1919.

In the Superior Court, the action was tried before *Quinn*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The defendant then asked for the following rulings and instructions:

"1. The jury is instructed that as a matter of law the defendant is entitled to have them return a verdict in his behalf.

"2. The defendant is entitled to a verdict in his behalf unless the jury is satisfied upon all the evidence that at the time of the accident to the plaintiff the operator of the defendant's machine was acting within the scope of his employment. If the jury finds upon all the evidence that the defendant did not authorize the operator of his machine to use it on the day in question, the defendant is entitled to a verdict in his behalf. 'It never has been the rule here that simple proof of the ownership of the car by the defendant and that the chauffeur is his servant makes out a *prima facie* case for the plaintiff on the question whether on an occasion like that in the present case the chauffeur was acting within the scope of his employment.'

"3. The plaintiff is not entitled to recover unless he shall satisfy the jury upon all the evidence, (1) that the defendant authorized his son to operate his car on the day in question, and (2) that at the time of operating the car he was engaged in the performance of some business for his father."

The requests were refused. Portions of the charge to the jury, to which the defendants excepted, were as follows: "The plaintiff in order to bring home liability to the father must show you by

a fair preponderance of the reliable testimony and the deductions that all the evidence warrant that he was expressly or impliedly authorized to use this automobile and that it was used at the time of this collision for the purpose it was intended to be used. Where a parent purchases an automobile for the use of his family, a child, a member of that family, using it for the purpose the automobile was contemplated to be used and bought to be used for, in using it inflicts injury on another through his, the son's, negligence, that negligence may be chargeable to the father who owned the vehicle. It is within the scope of a father's business or it may be, to furnish members of his family with an automobile for family use just the same as it is his business to furnish them with food and clothing or to minister to their health or other ways. It appears in evidence in this case that the father was not engaged in any commercial business, that he was working for the railroad, that the automobile was bought, and that is the admission of the defendant, for the use of the members at home of his family and that it was not utilized for any other purpose; and it is for you to determine whether or not upon all the evidence that was the business it was obtained for, the pleasure and recreation and convenience of every member of his family who lived with him at home. Your inquiry is in this case: Was it on this occasion (if you conclude that was the purpose it was secured for) used for that purpose by the son of the defendant who was operating it at the time of the accident? The fact, that incidentally it was used to transport some articles purchased by a guest of the son who was riding with him, would not necessarily show that the son had departed from the purpose of the use it was intended for. If there was a complete departure from the use intended, for the pleasure of the members of the family, such departure on the part of this son would relieve the father from any responsibility. . . . You may consider whether or not he took this car out for the purpose it was secured for by the father. . . . It is the contention of the father that the son had no authority to take that automobile out and the query comes up for your determination now, was he expressly or impliedly authorized to take it out for the purpose it was bought for, his pleasure as well as that of the other members of the family?

"You have a right to consider in the first instance the purpose it was bought for, the pleasure of the family including the son

Theodore. You have a right to consider that Theodore had on this day an operator's license and you have a right to consider what is meant by an operator's license in contradistinction to a chauffeur's license. . . . To expressly authorize one to do anything is giving one permission in so many terms to do the thing intended to be done or desired to be done. An authorization may be given one without it being couched in express terms, it may be implied and inferred from circumstances and an implied authorization is just as valid as an express authorization. You have a right to consider here in this case, and you will consider it, whether or not this son under all the circumstances, in view of the conditions, a member of the family, the character of the license he had, the fact that he took it out this morning without permission, you have a right to consider whether or not he was not impliedly authorized to take this out for the purpose it was bought, this automobile, and if he was impliedly authorized to take it out, and the purpose of the use of it was his pleasure, and he was taking it out for a ride looking to his pleasure although incidentally he was accommodating somebody else and he was then negligent in using it and inflicted injury upon this plaintiff you would be justified in concluding that the defendant was liable. . . ."

The jury found for the plaintiff in the sum of $300; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Vahey, R. J. Crowley & P. Mansfield,* for the defendant.

*E. H. Savary,* for the plaintiff.

BRALEY, J. The plaintiff while in the exercise of due care walking on a public way in the city of Boston was struck and injured by an automobile owned and registered in the name of the defendant, but negligently driven by the defendant's son Theodore, a minor and duly licensed operator. The question for decision is whether the defendant is responsible for his son's negligence.

The jury would have been warranted in finding that the defendant bought the car for use as a "family car," and that on the day in question the son, who lived at home, without his father's knowledge obtained the keys to the garage, which were kept in the house, and with a companion, one Hatch, took out the car for a pleasure ride. They finally went to the "Army Base," where Hatch bought some goods which were being taken to his home when the accident

happened. While no express permission had been given Theodore to use the car whenever he desired, it did not conclusively appear that either he or his brother, who also was a member of the family holding an operator's license, had been forbidden its use unless the defendant's consent was first obtained. It is manifest that the car was not being used by Theodore in any service required by the needs of the family, but for his own personal benefit and enjoyment. The defendant's automobile was not an instrumentality inherently dangerous; and it would be a departure from the rule of the common law to hold him responsible for his son's tortious acts, even though he was living at home. *Homer* v. *Thwing,* 3 Pick. 492, 494. *Moon* v. *Towers,* 8 C. B. (N. S.) 611. *Gould* v. *Elder,* 219 Mass. 396.

The plaintiff however contends that it could properly be found that the son was acting as his father's servant or agent in a designated employment. The doctrine on which he relies to bring the case at bar within the general rule, that the master is liable for a servant's tortious acts, and a principal for the wrongs inflicted by his agent, while the servant or agent is acting within the scope of the authority conferred, is formulated in *Birch* v. *Abercrombie,* 74 Wash. 486, in these words, "It seems too plain for cavil that a father who furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair, that is, his business, and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent. The fact that only one member of the family was in the vehicle at the time is in no sense a differentiating circumstance abrogating the agency. It was within the general purpose of the ownership that any member of the family should use it, and the agency is present in the use of it by one as well as by all. In this there is no similitude to a lending of a machine to another for such other's use and purpose unconnected with the general purpose for which the machine was owned and kept. . . . We think that, both on reason and authority, the daughter in the present instance should be held the agent of her parents." The courts of last resort of several States seem in kindred cases to be in accord with this view. We refer only to *Griffin* v. *Russell,* 144 Ga. 275, *Stowe* v. *Morris,* 147 Ky. 386, *Kayser* v. *Van Nest,* 125 Minn. 277, *Lewis* v. *Steele,*

52 Mont. 300, *Davis* v. *Littlefield,* 97 S. C. 171, and *King* v. *Smythe,* 140 Tenn. 217. It was also adopted in *Denison* v. *McNorton,* 228 Fed. Rep. 401.

But in *Doran* v. *Thomsen,* 47 Vroom, 754, the court say, that such an application of the law "makes the defendant's liability to depend upon the object for which he purchased the machine, which was for the pleasure of the family; in connection with the fact that his daughter operated it for that purpose, the jury being instructed that thereby she became his servant. . . . It would subject a parent to liability if he bought for his son a baseball, or for his daughter a golf club, and by permitting them to be used by his children for their appropriate purposes, injury occurred. It bases the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child. This proposition ignores an essential element in the creation of that *status* as to third persons, that such use must be in furtherance of and not apart from the master's service and control, and fails to distinguish between a mere permission to use and a use subject to the control of the master and connected with his affairs." The opinion in *Van Blaricom* v. *Dodgson,* 220 N. Y. 111, disposes of the theory of "family use" as follows, "The question which it presents really resolves itself into the one whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains some article for family use and occasionally permits a capable son to use it for his individual convenience ought to be regarded as having undertaken the occupation of entertaining the latter and to have made him his agent in this business, although the act being done is solely for the benefit of the son." It was held that the plaintiff could not recover. A corresponding result has been reached for substantially similar reasons in *Parker* v. *Wilson,* 179 Ala. 361, *Reynolds* v. *Buck,* 127 Iowa, 601, *Zeeb* v. *Bahnmaier,* 103 Kans. 599, *Arkin* v. *Page,* 287 Ill. 420, *Hays* v. *Hogan,* 273 Mo. 1, *Pratt* v. *Cloutier,* 119 Maine, 203, *Loehr* v. *Abell,* 174 Mich. 590, *Woods* v. *Clements,* 113 Miss. 720, *Elms* v. *Flick,* 100 Ohio St. 186, *Blair* v. *Broadwater,* 121 Va. 301, and *McFarlane* v. *Winters,* 47 Utah, 598. We prefer this application of the rule. It seems to us to be fundamentally sound. It is in accordance with the law of master and servant and of principal and agent as

expounded in many decisions of this court. A few illustrative cases may be cited. *Salem Bank* v. *Gloucester Bank,* 17 Mass. 1. *Foster* v. *Essex Bank,* 17 Mass. 479. *Howe* v. *Newmarch,* 12 Allen, 49. *Haskell* v. *Starbird,* 152 Mass. 117, 121. *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75. *Smith* v. *Jordan,* 211 Mass. 269. *Coughlin* v. *Rosen,* 220 Mass. 220, 223.

The motion for a directed verdict should have been granted. The exceptions therefore must be sustained, and judgment entered for the defendant.

*So ordered.*