## McGoran *v.* Cromwell et al.

[No. 12,700. Filed April 27, 1927.]

Automobiles.—*"Family purpose" doctrine of liability for damage done by automobile not applied in this state.*—The owner of an automobile is not liable for the damage done by another member of her family while driving said automobile for his own pleasure and not for the pleasure or business of the owner, although with the consent and permission of such owner.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by James H. Cromwell and another against Bridget McGoran and another. From a judgment for plaintiffs against both defendants, the named defendant appeals. *Reversed.* By the court in banc.

*Burke G. Slaymaker, Lawrence B. Moore* and *Turner, Merrell, Adams & Locke,* for appellants.

*Piety, Kelly & Piety,* for appellees.

THOMPSON, J.—Appellees brought this action against Bridget McGoran, appellant herein, and James Mc-Goran, one of the defendants below, to recover damages for injuries to the property of appellees.

The complaint was in two paragraphs. The first paragraph alleged, in substance, that appellant was the owner of an automobile and that James McGoran, on April 1, 1923, on behalf of appellant, was driving said automobile on North Seventh street in the city of Terre Haute, Indiana; that said James McGoran, while operating said automobile, and while under the influence of intoxicating liquor, negligently, carelessly and wrongfully drove said automobile on the premises of appellees and against a house owned by them, damaging the same in the sum of $300.

The second paragraph of complaint alleged, in substance, that on April 1, 1923, appellant was the owner of a Jewett automobile purchased and used for pleasure driving for herself and members of her family; that James McGoran was a member of appellant's family and lived with her; that on said date, with the authority and consent of appellant, James McGoran was driving said automobile on North Seventh street, a public highway in the city of Terre Haute, and was operating said automobile carelessly and negligently and, while so doing, injured appellees' real estate, etc.

Demurrers filed to the complaint were overruled. There was a trial by the court, and a special finding of facts and conclusions of law, resulting in a judgment for appellees in the sum of $200 and costs, against both appellant and James McGoran, from which judgment, appellant alone appealed.

A motion for a new trial was overruled.

The errors assigned for reversal are: the action of the court in overruling the demurrers to the complaint; the court's conclusions of law; and the action of the court in overruling the motion for a new trial.

The only error assigned which we need consider here is that arising upon the exceptions to the conclusions of law.

In the special finding of facts, the court found that on April 1, 1923, appellant was the owner of a Jewett automobile which she had purchased and was using for the pleasure of herself and her nephew James McGoran; that appellant did not operate said automobile herself; that James McGoran was a nephew of appellant, whom she had raised, and over whom she had had custody and supervision from his infancy until he became of age, and that appellant exercised supervision over him until after April 1, 1923; that, at that time, they resided in the city of Terre Haute, as a family, of which appellant was the head; that James McGoran was past the age of twenty-one years on April 1, 1923, and paid a part of his earnings to appellant for the maintenance of the family and as payment for board and room; that on April 1, 1923, said James McGoran, with the consent, authority and permission of appellant, was driving said automobile for his own pleasure, and, while so driving, negligently and carelessly drove against the house of appellees and thereby damaged the same in the sum of $200.

Upon the foregoing facts, the court stated its conclu-

sions of law and rendered a judgment for appellees against appellant and James McGoran in the sum of $200 and costs.

Under the facts found and stated above, the controlling question is whether or not the appellant is liable under the law as applied to cases of this character.

The first and fourth conclusions of law, as stated by the court, are as follows:  "(1) The law in this case is with the plaintiffs.   (4) That the plaintiffs are entitled to recover in this action against the defendants Bridget McGoran and James McGoran, or either of them, the sum of Two Hundred Dollars ($200) together with the costs of this suit."

Appellees insist that the application of the rule commonly known as the "family purpose doctrine" of liability of an owner of an automobile for family purposes should be applied, and cite authorities outside of this state to sustain their contention.   The precise question involved has been decided in the case of *Smith* v. *Weaver, Admx.* (1919), 73 Ind. App. 350, 124 N. E. 503, cited by appellees and also by appellant, and upon the decision in that case, the judgment as to appellant herein must be reversed.   The automobile was not driven, on the occasion in question, on business for the appellant, nor for her pleasure nor under her control, and she cannot be held liable under the law.   See, also, *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834, 22 A. L. R. 1392; *Parker* v. *Wilson* (1912), 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; *Doran* v. *Thomsen* (1908), 76 N. J. Law 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. 677; *McGowan* v. *Longwood* (1922), 242 Mass. 337, 136 N. E. 72, 23 A. L. R. 617; *Bretzfelder* v. *Demaree* (1921), 102 Ohio St. 105, 130 N. E. 505; *Arkin* v. *Page* (1919), 287 Ill. 420, 123 N. E. 30, 5 A. L. R. 216.

The judgment is reversed, with instructions to the

court below to restate its 1st and 4th conclusions of law in accordance with this opinion, and to render judgment accordingly.

Dausman, J., absent.