**Louis R. WIMP, Jr., and Cathy Elliott, Appellants,**

v.

**Robert H. ANTHIS, Appellee.**

**No. 1–379–A–79.**

Court of Appeals of Indiana, First District.

Nov. 19, 1979.

Rehearing Denied Dec. 26, 1979.

Rebecca G. Looney, Kelso & Scott, and David V. Scott, New Albany, for appellants.

Maurice H. McDaniel, and Jerry L. Ulrich, New Albany, for appellee.

ROBERTSON, Judge.

Defendants-appellants Louis R. Wimp, Jr. (Wimp) and Cathy Elliott (Elliott) appeal a damage award of $10,000 in favor of plaintiff-appellee Robert H. Anthis (Anthis).

The evidence as construed most favorably to the verdict reveals that on December 31, 1974, Elliott and a companion were en route to visit a friend and, while traveling at approximately 35 miles per hour, struck the rear of Anthis's car. At the time of impact, the Anthis vehicle was almost stationary.

As a result of the accident, Anthis suffered minor head and knee injuries and an aggravation of a pre-existing back injury.

■ The first issue presented concerns whether the trial court committed reversible error by excluding certain medical records.[1] The proffered records concerned the treatment of Anthis's pre-existing condition. The testimony of the treating physician, however, informed the jury of the general nature and extent of the previous injury and revealed that the pre-existing condition had *stabilized* prior to the accident. The medical records were, in our opinion, merely cumulative and repetitious in light of the treating physician's testimony, and would not have materially added to the factual picture presented to the jury. Therefore, we are unwilling to reverse the trial court since no error is occasioned by the exclusion of evidence in the absence of demonstrable harm to the complaining party. *I. Duffey & Son Company v. Kemmer et al.*, (1941) 110 Ind.App. 116, 37 N.E.2d 274. *See also Peaches v. City of Evansville*, (1979) Ind.App., 389 N.E.2d 322.

Although the damages are not alleged to be excessive, it is next argued that the trial court committed reversible error in tendering the following instruction to the jury:

If you find for the plaintiff on the question of liability, you must determine the amount of money which will fairly compensate plaintiff for those elements of damage which were proved by the evidence to have resulted from the negligence of defendant. You may consider:

a. The nature and extent of the injuries.

b. Whether the injuries are temporary or permanent.

c. The physical pain and mental suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

d. The value of lost time, lost earnings and loss or impairment of earning capacity.

e. The reasonable expense of necessary medical care, treatment and services and the reasonable expenses of future medical care, treatment and services.

f. The aggravation of a previous condition.

The gist of this argument is that there was no evidence upon which an award for future or permanent injury could be based.

■ It has been consistently held that instructions permitting the jury to consider certain elements of damage, qualified by the phrase "if any," does not constitute prejudicial error even though an evidentiary basis for the element(s) in issue is lacking. *McClure v. Miller*, (1951) 229 Ind. 422, 98 N.E.2d 498; *Lincoln Operating Company v. Gillis*, (1953) 232 Ind. 551, 114 N.E.2d 873; *Indianapolis Transit System, Inc. v. Williams*, (1971) 148 Ind.App. 649, 269 N.E.2d 543; *Glen Park Democratic Club, Inc. v. Kylsa*, (1966) 139 Ind.App. 393, 213 N.E.2d 812. These holdings reflect the notion that generally, we must presume the jury obeys instructions as given; thus, where the award is supported by otherwise competent evidence, the burden of establishing prejudicial error has not been discharged.[2] In this case, the jury was carefully instructed on their role as fact-finder. The instruction in issue confined the elements of a damage award to those ". . . proved by the evidence to have resulted from the negligence of the defendant." Since the award is sustainable upon competent evidence, we are not persuaded that prejudicial error occurred under the facts presented herein.

■ The final allegation of error questions the sufficiency of the evidence to hold Wimp vicariously liable. It appears that Wimp was Elliott's step-father and permitted her to drive his car on the evening in

---

1. Appellants attempt to argue for the first time in their brief that the records should have been admitted for impeachment purposes. This ground for error comes too late as it was not presented in the motion to correct errors. *Board of Commissioners of Delaware County v. Briggs*, (1975) Ind.App., 337 N.E.2d 852.

2. We by no means intend to suggest that trial courts should not tailor damage instructions to the evidence of each particular case when practicable to do so.

question. This, however, is the *only* evidence connecting Wimp to Anthis's injuries, and is wholly insufficient to establish liability under the decisional law of this state. Indiana has rejected the "family purpose" doctrine of vicarious liability; consequently, mere possession of the automobile by a family member with the permission of the owner is insufficient to establish liability. *Cates et ux. v. Long et al.*, (1947) 117 Ind. App. 444, 72 N.E.2d 233; *Smith v. Weaver, Admx.*, (1919) 73 Ind.App. 350, 124 N.E. 503. A permissive use by a family member will subject the owner to liability only where the plaintiff proves a relationship of master and servant or principal and agent. *See Pierce v. Horvath*, (1968) 142 Ind.App. 278, 233 N.E.2d 811; *Grinter v. Haag*, (1976) Ind.App., 344 N.E.2d 320; *Bryan v. Pommert et al.*, (1941) 110 Ind.App. 61, 37 N.E.2d 720. Inasmuch as Elliott was engaged in pursuits personal to herself and the right or power of physical control by Wimp was not established by the evidence, the latter cannot be held liable for the misdeeds of the former. *See, e. g., McGoran v. Cromwell et al.*, (1927) 86 Ind.App. 107, 156 N.E. 413; *Bryan v. Pommert et al., supra.* Hence, the judgment against Wimp must be reversed as contrary to law. In all other respects, the trial court is affirmed.

Affirmed in part; reversed in part.

LOWDERMILK, P. J., and NEAL, J., concur.