## Costigan et al. v. Schalk et al.

[No. 11,991.   Filed November 19, 1924.]

1. Execution.—*Injunction against sheriff's deed issued only, on void decree or fatally, defective proceedings.*—In order to warrant an injunction against the execution of a sheriff's deed, it must be made to appear that the judgment and decree are void, or that the proceedings of the sheriff thereunder are so defective as to render the alleged sale invalid.   p. 182.

2. Injunction.—*Complaint, in injunction against execution of sheriff's deed must show insufficiency, of steps preceding, order of sale or their correctness is presumed.*—In an action to enjoin the execution of a sheriff's deed in a foreclosure proceeding, a complaint which alleged that the court ordered the sale under a judgment which had theretofore been set aside was defective in failing to allege what preceded the order in the way of a hearing, finding and judgment, as, in the absence of such averments, the court on appeal will assume that the order of sale was preceded by all that was necessary, to authorize it.   p. 182.

3. Pleading.—*Complaint, in injunction against sheriff's deed alleging, that there was no final decree merely, avers a conclusion of law.*—In an action to enjoin the execution of a sheriff's deed in a forclosure proceeding, predicated on an order of court to sell, made after the decree had been set aside, where the complaint failed to allege what preceded the last order of sale in the way of hearing, finding and judgment, an averment that "there was no *final* judgment or decree of any kind," is a conclusion of law and must be treated as surplusage.   p. 183.

4. Injunction.—*Cannot, be maintained because of a ruling, on answer in another action, appeal therefrom being, the proper remedy.*—In an action to enjoin the execution of a sheriff's deed, no error is presented for review in the court's ruling or refusal to rule on a purported answer which amounted only, to a motion to set aside an order in a foreclosure proceeding or, if that be not done, to adjudge the defendants to be resident householders and entitled to exemption as such, as the defendants' remedy, if any, was by appeal from the judgment in the foreclosure proceeding.   p. 183.

5. Appeal.—*Right to a reply, to an answer is waived and answer deemed denied by, failure to insist, on right.*—If a cause proceeds to judgment without a party procuring a reply to his answer, or taking active steps to preserve his rights in that

regard, he will be deemed to have waived the filing of a reply and the averments of his answer will be taken as denied. p. 183.

6.  INJUNCTION.—*Complaint to enjoin execution of sheriff's deed alleging that no legal decree could have been rendered in former action merely avers a conclusion of law.*—Allegations of a complaint, in a suit to enjoin the execution of a sheriff's deed, which does not challenge the regularity of the proceedings of the sheriff, but which alleges that the issues tendered by an answer in a foreclosure proceeding remained open and undisposed of and that no judgment or decree could be legally rendered in such cause is a conclusion of law and must be disregarded.  p. 184.

From Floyd Circuit Court; *John M. Paris*, Judge.

Action by John S. Costigan and others against William H. Schalk and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*L. A. Douglass*, for appellants.

*Burdette C. Lutz* and *Frank W. Carr*, for appellees.

BATMAN, J.—Appellants filed a complaint against appellees, in which it is alleged in substance, among other things, that on January 7, 1922, a judgment and decree of foreclosure was rendered against appellants, other than Lillian Costigan, in favor of appellee Schalk; that said judgment and 'decree was duly set aside on April 18, 1922, and thereafter appellants, John S. and William S. Costigan, by leave of court, filed their joint answer to the complaint in said foreclosure proceeding; that no reply was filed to said answer, but that the issue tendered thereby remained open until June 10, 1922, when the court ordered that the real estate involved in said action be sold by the sheriff under the said previous order of the court, made on January 7, 1922; that thereafter, on request of said appellee, a copy of the decree entered on said last named date was duly issued to the proper sheriff, who sold the real es-

tate described therein, after due notice, to said appellee, on July 22, 1922, and issued to him a certificate thereof; that said certificate is invalid, as the judgment and decree on which said sale was made had theretofore been set aside; that said appellee Schalk claims the right to receive a deed for said real estate from his coappellee Baird, as sheriff, by virtue of said certificate, and that such deed will be executed, unless the parties are enjoined. Prayer for an injunction against appellees accordingly. A copy of the alleged joint answer of appellants Costigan and Costigan to the complaint in said foreclosure proceeding is filed with the complaint in this action as an exhibit. Appellees filed a demurrer to the complaint, which was sustained, and appellants refusing to plead further, judgment was rendered against them. Appellants have alleged, as the ground for their appeal, that the court erred in sustaining appellees' demurrer to their complaint.

It will be observed that this is an action in which appellants are seeking, among other things, to enjoin the execution of a sheriff's deed. In order to 1, 2. warrant such relief, it must be made to appear that the judgment and decree are void, or that the proceedings of the sheriff thereunder are so defective as to render the alleged sale invalid. Is either of these things made to appear by the allegations of the complaint? We note that it is alleged that the court ordered the real estate sold by the sheriff, under an order in the foreclosure proceeding of January 7, 1922, which it is alleged had theretofore been set aside. It does not appear from any proper allegations of the complaint what preceded said order, in the way of a hearing, finding and judgment. In the absence of such averments, we must assume that it was preceded by all that was necessary to authorize it, as the presumptions are in favor of the actions of the trial court. *Young*

v. *Wiley* (1914), 183 Ind. 449; *Roney* v. *Rodgers, Sheriff* (1921), 190 Ind. 368.

In making the above statement with reference to the absence of averments, we are not unmindful of a certain conclusion stated in the complaint to the effect that, at the time said last named order was made, there was no *final* judgment or decree of any kind in said foreclosure proceeding, but this is clearly a conclusion of law, which must be treated as surplusage in determining the sufficiency of the complaint. *Central Bank, etc.,* v. *Martin* (1918), 70 Ind. App. 387; *Cincinnati, etc., R. Co.* v. *Little* (1921), 190 Ind. 662; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122; *Pittsburgh, etc., R. Co.* v. *Ft. Wayne, etc., T. Co.* (1923), 193 Ind. 405. Nor were we unmindful of the averments with reference to the alleged joint answer of appellants, John S. and William S. Costigan, a copy of which is filed with the complaint, and to which it is alleged no reply was filed. An inspection discloses that this pleading is not, in fact, an answer at all, as it neither denies the allegations of the complaint, nor confesses and avoids the same. On its face, it purports to be a motion to set aside an order in the foreclosure proceedings, or, if that be not done, that the judgment of foreclosure therein be so modified as to adjudge said appellants to be resident householders of the State, and each, as such, entitled to $600 in value of the land ordered sold. Any error of the court in ruling, or refusing to rule on such a motion, cannot be reviewed in this action, as the remedy of appellants, if any, was by appeal in that action. But treating the pleading as an answer, as it is here alleged to be, the fact that no reply was filed thereto would not render the order of sale under consideration void, under the facts shown, as it is well settled that where a cause proceeds to judgment without a party procuring a reply to his an-

swer, or taking some active step to preserve his rights in that regard, he will be deemed to have waived the filing of a reply, and the averments of his answer will be taken as denied.  *Buchanan* v. *Berkshire, etc., Ins. Co.* (1884), 96 Ind. 510; *Helton* v. *Wells* (1895), 12 Ind. App. 605.

The allegations in connection with the filing of the alleged answer, that the issues tendered thereby remained open, pending and undisposed of, at the time said last order of sale was made, and therefore no judgment or decree could be legally rendered in said cause at such time, are merely conclusions of law, which must be disregarded, under the authorities cited above on that question.  Appellants have not challenged the regularity of the proceedings of the sheriff in making the alleged sale under the order. We, therefore, conclude that they have failed to allege facts to show that they are entitled to have the execution of the sheriff's deed enjoined.  Failing to show that they are entitled to that relief, they are not entitled, as a matter of course, to have the judgment and decree under which such sale was made, set aside, or the sheriff enjoined from making a sale thereunder as prayed.  We conclude that the court did not err in sustaining appellees' demurrer to the complaint.

Judgment affirmed.