RAILWAY EXPRESS AGENCY, INC. *v.* BONNELL

[No. 27,533. Filed May 14, 1941. Rehearing denied June 23, 1941.]

608

*Beasley, O'Brien, Lewis & Beasley,* of Terre Haute, for appellant.

*David E. Rosenfeld* and *Lewis R. Sutin,* both of Terre Haute, for appellee.

SHAKE, J.—The appellee, Charles L. Bonnell, sued the appellant Railway Express Agency, Inc., Mack Mace, and William J. Tucker for personal injuries caused by the negligent operation of an automobile by Mace. There was a verdict and judgment against the appellant and Mace and in favor of Tucker. The appellant filed a separate motion for a new trial, which was overruled, and this constitutes the only assigned error. It is contended that the evidence is not sufficient to sustain the verdict and that the trial court erred in giving instructions 3 and 29 tendered by the appellee.

There was testimony from which the jury might have found that the express agency had a city office and also a place of business at the union station at Terre Haute.

Tucker was general agent and Mace the night foreman at the union station. On the day of the accident Mace concluded his duties at 8:30 o'clock in the morning, at which time his wife's automobile, which he used for his own convenience in going to and from work, was parked at the station. It was Mace's intention to use the automobile in going to an office building in the downtown section to pay a personal insurance premium. While Mace was still on the appellant's premises, Tucker received a complaint by telephone from a fish market relative to a lost shipment of merchandise. Mace overheard the conversation and volunteered to take Tucker to the fish market by way of the city office, where Tucker desired to procure a report blank. Tucker accepted the invitation, although there were a number of agency trucks, in charge of drivers, then and there available for his use. Mace drove the automobile without any directions from Tucker as to the manner of its operation or the route to be taken. They proceeded past the insurance office and were en route to the city office of the express agency when the accident occurred. There was no evidence that Tucker directed or requested Mace to provide the means of transportation or that Mrs. Mace's automobile had previously been used for any such purpose. It is not contended that Tucker was not within the course and scope of his employment or that Mace was not negligent.

The governing principle was expressed more than a century ago by Mr. Justice Park, who sat for the Lord Chief Justice of England in the case of *Goodman* v. *Kennell* (1827), 3 Car. and P. 167, in which it was said:

"I cannot bring myself to go the length of supposing, that if a man sends his servant on an errand, without providing him with a horse, and he meets a friend who has one, who permits him to

ride, and an injury happens in consequence, the master is responsible for that act. If it were so, every master might be ruined by acts done by his servant without his knowledge or authority."

There can be no recovery under the doctrine of *respondeat superior* where the master had no right or power to command or forbid the act or omission that resulted in the injury. *Lieber, Exrx.,* v. *Messick* (1931), 92 Ind. App. 264, 173 N. E. 238. Since Tucker exercised no control over the operation of the automobile, the question of the appellant's liability depends upon whether Mace was performing any duty on its behalf or acting in response to any order or direction emanating from it.

There is no evidence to support an inference that Mace was acting in the course and scope of his employment when the accident occurred. He had concluded his duties for the day and was free to go and do as he chose. His primary objective in using his wife's automobile was personal and the invitation to Tucker to ride with him was purely incidental. The situation is no different, in legal effect, than if Tucker had been invited to ride with a stranger. The evidence is not sufficient to support the verdict.

What we have said requires us to hold that the appellee's instruction 3 was erroneous and no further discussion of it is deemed necessary.

Appellee's instruction 29 was as follows:

"Where a party to a law suit has in his own keeping or at his command testimony presumably favorable to himself, or where said party has the power and opportunity of producing competent evidence or a competent witness or witnesses readily obtainable by him to prove or disprove any material fact and for evidence or testimony presumably friendly to him would or could enlighten the court and jury, failure to produce such evidence or testi-

mony or to make an effort to do so raises the presumption that the evidence or testimony if produced would be unfavorable to him or his contentions."

This instruction, abstractly considered, is not objectionable, but the rule stated therein cannot be carried to the extent of relieving a party, upon whom rests the burden of proof, of producing some competent evidence of the essential facts. *Great American Tea Co.* v. *Van Buren, ante* p. 462, 33 N. E. (2d) 580. In other words, a plaintiff who has failed to make out his case will not be heard to say that it was not necessary for him to do so because the defendant was in possession of evidence which, if it had been produced, would have been sufficient.

The judgment is reversed, with directions to sustain the appellant's motion for a new trial and for further proceedings.

NOTE.—Reported in 33 N. E. (2d) 980.

### ON PETITION FOR REHEARING.

SHAKE, J.—The appellee urges in his petition for rehearing that in the original opinion this court failed to take note of one of the theories upon which his complaint was predicated and that if this had been done the evidence would have been found ample to sustain the verdict. It is contended that the complaint and proof were sufficient under *City of Indianapolis* v. *Lee* (1921), 76 Ind. App. 506, 132 N. E. 605, upon which the appellee's tendered instruction No. 3 was based. The appellee relies heavily upon the following statement found in the Lee case (p. 510):

"It is generally held that where a servant, without express or implied authority from the master, suffers or permits a stranger to do, or to assist in doing, the work which the master entrusted to the

servant, the master is liable under the rule of *respondeat superior* for an injury to a third person inflicted through the tortious acts of the stranger."

The above case involved the liability of a municipal corporation for the negligence of one of its servants whose duty it was to operate a motor vehicle belonging to the city. The servant permitted another to operate the vehicle and as a consequence an injury was inflicted. The city was held liable—not for the negligence of the operator—but for the negligence of the servant in violating an express order not to allow the vehicle to be used by others. Considered in the light of the facts to which it relates, we do not deem the rule quoted improper, but it is not applicable to the case at bar. See, 1 Restatement of the Law of Agency, § 241, and Indiana annotations thereto; also, 12 Notre Dame Lawyer 188.

In the instant case no instrumentality under the control of the appellant was involved and it was undisputed that Mace had finished his work for the day. It is true that Mace testified that at the time the accident occurred his sole and only purpose was to take Tucker to his destination and that Tucker was engaged on company business. This evidence is entirely consistent with the fact that the act of Mace in taking Tucker to the downtown office and fish market was purely an accommodation, wholly disassociated from the work Mace was employed or directed to do, but it would not authorize an inference that at the time of the accident he was acting within the scope of his employment as a servant of the appellant. While it is the duty of the reviewing court to indulge all reasonable inferences which the trior of facts is entitled to draw to sustain the finding or verdict, this does not authorize us to ignore the undisputed facts or to enter into the field of supposition and guesswork.

No support for the appellee's contention is found in *Vincennes Packing Corporation* v. *Trosper* (1940), 108 Ind. App. 7, 23 N. E. (2d) 624, or *Great American Tea Co.* v. *Van Buren, ante,* p. 462, 33 N. E. (2d) 580, relied on by the appellee. The former case involved the negligent conduct of a servant in the use of a team and wagon furnished by the master. The jury found for the plaintiff and it was held that there was evidence that the servant was acting within the scope of his employment, notwithstanding that on the day of the accident he began work shortly before his usual time, departed from his customary route of travel, and performed his duties in a manner calculated to serve his own interests as well as those of his master. The last-mentioned case likewise involved a master's liability for the act of a servant, the principal controversy there being whether the employment had terminated prior to the accident. It was held that this presented a question of fact, about which there was conflicting evidence, and the jury found specially that the relationship existed.

The petition for rehearing is denied.

NOTE.—Reported in 34 N. E. (2d) 927.