CATES ET UX *v.* LONG ET AL.

[No. 17,544.   Filed March 31, 1947.   Rehearing Denied May 23, 1947.]

*Sidney S. Miller,* of Indianapolis, for appellants.

*Townsend & Townsend,* of Indianapolis, for appellees.

HAMILTON, P. J.—This is an appeal from a final judgment in an action by appellee Virgil D. Long against appellants John E. Cates, Helen Cates, and the appellee Gail Davidson, to recover damages for personal injuries sustained as a result of a collision between an automobile driven by appellee Long and an automobile owned by appellant John E. Cates, but which was being driven and operated at the time of the accident by appellee Davidson.

The issues were formed by a second amended complaint in two paragraphs and a separate answer in two paragraphs filed by each defendant pursuant to Rule 1-3. Appellant proceeded to trial without requesting a reply to be filed and thereby waived the filing of such reply, and the averments of appellants' answer were deemed as denied. *Costigan* v. *Schalk* (1924), 82 Ind. App. 180, 183, 145 N. E. 510.

The cause was tried to a jury, which returned a verdict in favor of the plaintiff and against all defendants in the sum of $7,000. Judgment upon the verdict was entered accordingly.

The sole error assigned is the overruling of the appellants' motion for a new trial.

The following reasons assigned in the motion for a new trial are presented for our consideration by appel-

lants' brief: (1) That the verdict of the jury was not sustained by sufficient evidence; (2) the verdict of the jury was contrary to law; (3) that the damages assessed are excessive; (4) that the court erred in overruling appellants' motion for a directed verdict at the close of all the evidence; and (5) that the court erred in refusing to strike out certain evidence and in refusing to set aside the submission of said cause and to discharge the jury because of an alleged prejudicial statement contained in the evidence sought to have stricken, which motion was made at the close of all of the evidence.

The theory of plaintiff's complaint is that the appellants are liable under the doctrine of *respondeat superior*. Each paragraph of the complaint alleges "That at all times herein referred to defendant John E. Cates' said Plymouth automobile was driven and operated by his duly constituted and acting agent, to-wit: one Gale Davidson, a defendant herein, whom defendant, Helen Cates, John E. Cates' wife, had placed in control of said car and had ordered, directed, permitted and empowered to go on a mission to wit: to go to the depot in Indianapolis, Indiana, and return. That at all times herein referred to, said Gail Davidson was using said Plymouth automobile, with the consent of defendant John E. Cates."

The appellants earnestly contend that the verdict of the jury is not sustained by sufficient evidence for the reason that there is no evidence in the record sufficient to establish the relation of agency existing between the appellants and the appellee Gail Davidson at the time of the alleged injury.

On this phase of the case the undisputed evidence discloses the following facts: That on September 9, 1944, John E. Cates and Helen Cates were husband and

wife, living at 1401 Ruth Drive in Ravenswood, in the extreme northern part of the city of Indianapolis. He was the owner of a Plymouth automobile which he practically never drove. It was usually driven by his wife in connection with marketing and hauling him to and from the car line and the Union Station in the city of Indianapolis. At that time and for many years prior thereto he had been a conductor on the New York Central Railroad and on that date he was away from home on a run to St. Louis, Mo. He did not return home until about four a. m. on September 10, 1944. He did not give appellee Gail Davidson permission to use the car at any time, and on the day of the accident appellee Davidson was not using the car in any business of, or on any errand or mission for, appellant John E. Cates, and he had no knowledge that Davidson was driving the car. On the morning of September 9, 1944, Davidson, who was in the Merchant Marine, and a grandson of John E. Cates, was in Indianapolis on leave and was staying at the Cates home. Davidson asked Mrs. Cates for permission to use the car to go and visit his mother who lived in the 1600 block on College Avenue, Indianapolis, and also to visit her mother, who lived at 1702 North Alabama Street, Indianapolis. Mrs. Cates told Davidson that he could use the car, provided he came straight home as soon as he had finished his two visits. Davidson agreed to do as requested. He took the car and drove to the home of his mother on College Avenue, and then drove to the Alabama Street address. A brother of Mrs. Cates called by phone and told Davidson that John Cates, a son of Mr. and Mrs. John E. Cates, who was in the military service, had arrived in Indianapolis on a furlough and that he (Mrs. Cates' brother) would come by the Alabama Street address and pick up Davidson, and then

they would go downtown and pick up John Cates. Davidson said that he would wait at the Alabama Street address as requested. However, he changed his mind, and decided to drive downtown to the Union Station, where he assumed John Cates was waiting, and be the first to meet John Cates. Thereupon, Davidson drove the Cates car west to Delaware Street and then turned south on said street to go to the Union Station. This was in the opposite direction from the Cates home where he had been instructed and had promised to return upon the completion of his visits at the College Avenue and Alabama Street addresses as above stated. As Davidson drove the Cates car south on Delaware Street he approached the intersection of East 13th Street and Delaware Street, where automatic traffic signals were installed and operating at the time. As the Cates car approached and entered the intersection of Delaware and East 13th Streets the automatic traffic signal showed red (stop) for traffic moving on Delaware Street and green (go) for traffic moving on 13th Street. Davidson ran the red light and entered said intersection at a speed of approximately 20 miles per hour and collided with the automobile moving east on 13th Street and driven by appellee Long, thereby causing the injuries complained of in the complaint.

Appellant John E. Cates knew nothing of Davidson using the car and did not authorize him to use it. Mrs. Cates denied that she told Davidson to go to the Union Station to meet her son, John Cates, and she testified she did not know that John was in town until after she had heard of the accident. Appellee Davidson corroborated Mrs. Cates' statement. He testified that his reason for disobeying Mrs. Cates' instructions was that he wanted to be the first person to meet John Cates. Mrs. Cates stated that her reason for instructing David-

son to come straight home was that she was expecting her son John to come home and expected to hear from him at any time, and she wanted the car at hand so that she could go meet him when he arrived in Indianapolis. There was also evidence to the effect that the Cates car was driven occasionally by all of the Cates boys, of whom there were three, when they were at home and that Gail Davidson was considered as a member of the Cates family.

In addition to the foregoing evidence, there was also testimony to the effect that three or four days after the accident a daughter of the plaintiff called Mrs. Cates by phone and asked her if she knew about the accident, that it was supposed to be her car that was involved; that Mrs. Cates replied that she knew about the accident and that "We have paid our insurance and it will stand good for all the difficulties." There was no evidence to establish that this statement was made in the presence of or with the knowledge of the appellant John E. Cates. Mrs. Cates denied admitting that she was liable for the accident.

There was also testimony given by one of the attorneys for the plaintiff to the effect that on January 19, 1945, he called Mrs. Helen Cates by phone; he told her who he was and that he represented Mr. Virgil Long who had been injured when hit by her automobile. He testified that Mrs. Cates told him in said telephone conversation that Gail Davidson was driving the car at the time and that she was not in the car at the time of the accident. When asked if she knew that he had her car, she said, "Yes. I had sent him to the depot to get my boy." There is no evidence in the record to show that appellant John E. Cates was present when his wife allegedly made this statement or that he had any knowledge of the fact contained in the state-

ment, or that he ever authorized his wife to do the thing she said she did. Mrs. Cates denied telling the lawyer or any other person at any time or place, that she had sent Davidson to the Union Station to get her son, John Cates. It is contended by the appellants that the foregoing facts are wholly insufficient to establish the relationship of principal and agent between the appellants and the appellee Davidson.

The negligence of the appellee Davidson is not controverted; and there is no contention that his act was committed under the direction of or in the presence of either appellant, although it is contended that he was driving the car to the Union Station at the request and direction of appellant Helen Cates.

Any liability of the appellants for the negligent acts of appellee Davidson must therefore rest upon the relationship of principal and agent or master and servant and the doctrine of *respondeat superior,* as it is firmly settled in Indiana that the family purpose doctrine does not apply and the appellants are not liable under such doctrine. *McGoran* v. *Cromwell* (1927), 86 Ind. App. 107, 110, 156 N. E. 413; *Smith* v. *Weaver, Admx.* (1920), 73 Ind. App. 350, 355, 124 N. E. 503.

For the purpose of this case, we think there is no distinction between the relationship of principal and agent or master and servant, so far as liability for the negligent act of the appellee Davidson is concerned. *Agency,* 2 Am. Jur., § 359, p. 278.

In order to charge the appellants, as a master or principal, with liability for the injury of appellee Long, through the negligent use of the automobile by appellee Davidson, it is not enough for the evidence to establish that the automobile was at the time of the accident in the possession of Davidson

with the assent of the appellants, or either of them, but the evidence must be sufficient to establish that Davidson was in the employment or service of the appellants or either of them, and under their control, at the time and that he was acting for and in their behalf. *Bryan* v. *Pommert* (1941), 110 Ind. App. 61, 67, 37 N. E. (2d) 720; *Martin* v. *Lilly* (1919), 188 Ind. 139, 141, 121 N. E. 443; *Radke* v. *Schlundt* (1902), 30 Ind. App. 213, 223, 65 N. E. 770. The Supreme Court, in the case of *Railway Express Agency, Inc.* v. *Bonnell* (1941), 218 Ind. 607, 611, 33 N. E. (2d) 980, 34 N. E. (2d) 927, states the rule as follows: "There can be no recovery under the doctrine of *respondeat superior* where the master had no right or power to command or forbid the act or omission that resulted in the injury."

Applying the foregoing rules of law to the facts and circumstances disclosed by the record in this case, we cannot say as a matter of law, that the appellant John E. Cates, as the owner of the automobile which struck and injured appellee Long had either the right or power to control the actions of appellee Davidson on the occasion in question. In the absence of such a showing, there can be no liability on the part of the appellant John E. Cates for the negligent acts of appellee Davidson at the time and place in question, and for such reason the verdict against appellant, John E. Cates, is not sustained by sufficient evidence. *Bryan* v. *Pommert, supra; Martin* v. *Lilly, supra; Radke* v. *Schlundt, supra; Railway Express Agency, Inc.* v. *Bonnell, supra.*

In considering the evidence disclosed by the record in connection with the liability of the appellant Helen Cates for the negligent acts of appellee Davidson, it is well settled that the jury was not bound by the testimony of any one witness and that, as the

trier of the facts, it was the exclusive province of the jury to judge and determine the credibility of the witnesses, the weight to be given their testimony, and determine what facts had been proven by the evidence. Upon appeal, this court cannot weigh the evidence or substitute its judgment as to what facts were proven for that of the jury. *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. (2d) 586. If the jury believed, and they evidently did, that after the accident the appellant Helen Cates made the admission and statement attributed to her, as heretofore narrated, to the effect that she had sent Davidson to the depot to get her son, even though she denied making such statement, we are constrained to hold that such admission was sufficient to justify the jury in finding that at the time and place of the accident, the appellee Davidson was acting for and in her behalf and at her request and direction and therefore there is sufficient evidence in the record to sustain the verdict as against said appellant, Helen Cates. *Helton* v. *Mann* (1942), 111 Ind. App. 487, 40 N. E. (2d) 395; *Epperson* v. *Rostatter* (1929), 90 Ind. App. 8, 168 N. E. 126.

Specification 4 of the motion for a new trial assigns error in overruling the motion made by the defendants at the close of all of the evidence to set aside the submission of the cause and to discharge the jury, because of the prejudicial answer given by the witness, Mrs. J. C. Perkins. The motion for a new trial fails to set forth the question propounded, the objection, if any was made, the prejudicial answer given by the witness, Mrs. J. C. Perkins, or the grounds stated in the motion to strike out such answer, and for said reason no question has been reserved for our consideration. *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 424, 176 N. E. 29.

In specification 5 of the motion for a new trial, the appellants assign error in overruling the motion made by the defendants to strike out the answer made by the witness, Mrs. J. C. Perkins, testifying for the plaintiff, the question being as follows: "Q. Tell what she said. Go slow and tell the Jury what you said and what you said in your own words." To which question said witness gave the following answer: "A. I asked her if she knew about this accident, that it was supposed to be her car. She said she did and she said 'we have paid our insurance and it will stand good for all the difficulties'."

It will be noted that the ground or reason of the motion to strike out the answer of the witness to the question propounded, to which no objection was made, is not stated or set forth in the motion for a new trial and for this reason there was no reversible error shown in the ruling of the court in reference thereto. *Kenwood Tire Co.* v. *Speckman, supra.*

Appellants assign error in the overruling of their motions filed at the close of plaintiff's evidence and renewed at the conclusion of all of the evidence for a directed verdict.

What we have heretofore said is sufficient to show that such motion should have been sustained as to appellant John E. Cates and overruled as to the appellant Helen Cates.

Finally, appellants insist that the damages awarded appellee Long in the sum of $7000 are excessive.

There is evidence in the record to establish that the appellee, Long, sustained permanent injuries as a result of said automobile accident. It was for the jury to determine, in the first instance, the extent of the injury and the amount of the damages and

the amount so fixed has received the sanction of the trial judge in overruling the motion for a new trial. We cannot say that the amount of the verdict is so grossly excessive, or so out of line with reason and justice as to shock the conscience and induce the belief that the jury acted from improper motive, passion, prejudice, partiality, or corruption. *Kenwood Tire Co.* v. *Speckman, supra; Indianapolis Railways* v. *Williams, supra; Jones* v. *Cary* (1941), 219 Ind. 268, 287, 37 N. E. (2d) 944.

In accordance with the views expressed herein the judgment is reversed as to the appellant John E. Cates and cause remanded with instructions to sustain said appellant's motion for a new trial, and the judgment is hereby affirmed as to appellant Helen Cates.

NOTE.—Reported in 72 N. E. (2d) 233.