STATE EX REL. RANDOLPH *v.* HANCOCK
CIRCUIT COURT ET AL.

[No. 30,155. Filed May 14, 1962. Rehearing denied June 25, 1962.]

*Robert S. Baker*, Public Defender, for relator.

*Robert B. Lybrook pro se*, *Edwin K. Steers*, Attorney·General, *Donald L. Adams*, Deputy Attorney General, and *George P. Dickman*, Prosecuting Attorney for·18th Judicial Circuit, for respondents.

JACKSON, J.—This original action was brought by the relator for a writ of mandate to issue ordering respondents to strike and expunge from the record a certain petition for rehearing on a demurrer previously ruled upon by the respondent court, and to grant relator's motion for judgment. We issued the temporary writ of mandate in the alternative on October 10, 1961.

The chronological sequence of the actions in the lower court is as follows:

On March 14, 1960, relator filed an amended petition for a writ of error coram nobis, in the Hancock Circuit Court, in the cause of State of Indiana v. Jack Randolph, No. 8232.

On the 9th of November, 1960, the State of Indiana filed a demurrer to relator's amended petition for a writ of error coram nobis.

Thereafter on January 4, 1961, the State's demurrer was submitted to the Hon. Harold G. Barger, who was then and there the duly appointed, quali-

fied and acting special judge of the Hancock Circuit Court, in the cause of State of Indiana v. Jack Randolph, No. 8232.

January 18, 1961, the Hancock Circuit Court, Special Judge Harold G. Barger presiding, overruled the State's demurrer filed in this cause on November 9, 1960, and ordered the State of Indiana to plead over or to answer relator's amended petition on or before February 6, 1961.

On February 7, 1961, the State of Indiana, having ignored the rule to plead over or answer relator's amended petition entered on January 18, 1961, filed a motion for a change of venue from the judge. Such motion being approved, the Hon. Robert B. Lybrook was appointed as special judge.

Thereafter on May 18, 1961, Hon. Robert B. Lybrook qualified as special judge in said cause, and entered an order requiring the State of Indiana to plead over or answer relator's amended petition on or before June 1, 1961.

On or about August 8, 1961, said respondent court made an order fixing and setting August 29, 1961, at 9:00 a.m. as the day and hour for hearing on petitioner's amended petition for a writ of error coram nobis.

On August 29, 1961, at or about the hour of 9:00 a.m. the Hancock Circuit Court convened, Special Judge Robert B. Lybrook presiding, and all proper parties being present, the State of Indiana presented to the court a motion requesting the court to grant the State a rehearing on the State's demurrer that had been overruled on January 18, 1961.

Relator thereupon filed and submitted his motion to strike the State's motion for rehearing on the

demurrer, on the grounds that the State's motion was submitted at a time when the State was seven months in default on its failure to answer under the order of court dated January 18, 1961, in default three months on its failure to answer under the order of court entered May 18, 1961, and that the motion was purely a sham and irrelevant pleading intended merely to further delay, and asking that the court strike said petition for a rehearing from the files pursuant to Acts 1881 (Spec. Sess.), ch. 38, §847, p. 240, being §2-1054, Burns' 1946 Replacement.

That on said date, after the Court indicated that he was ready to rehear the State's demurrer, relator informed the court that he would not participate in a proceeding involving a rehearing of the State's demurrer because said issue had previously, months ago and over two terms of court prior thereto, been decided adversely to the State. That because the State, by its failure to plead over or file answer to relator's amended petition within the time fixed by the court, had for months admitted, as a matter of law, that relator's amended petition stated a good cause of action and was estopped from denying the merits of relator's amended petition by a rehearing on the demurrer. That thereupon on August 29, 1961, petitioner, Jack Randolph, moved the court in writing for a default judgment against the State of Indiana pursuant to the provisions of Acts 1881 (Spec. Sess.), ch. 38, §91, p. 240, being §2-1013, Burns' 1946 Replacement.

That at the time relator filed his motion for default judgment he also submitted to and filed with the court a proposed order and judgment which the court refused to sign. From such proceedings comes this action.

Relator has raised several issues of which in view of the decision we have reached we need, and do, consider only two.

The Court having overruled the demurrer of the State of Indiana to relator's amended petition for writ of error coram nobis, and having entered a rule requiring the State to plead over or to answer the amended petition within a specified time on two separate occasions, it must be considered that the State by not answering or pleading over within the time fixed not only waived all issues as to the pleadings, but also admitted that the relator's petition stated a good cause of action as a matter of law. *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353; See also: Lowe's Revision of Works Indiana Practice, Vol. 4, §65.9, p. 211.

Since the petition for rehearing of the State of Indiana presented no question for decision, there was nothing pending herein upon which an issue of law or of fact could be joined.

Therefore, the State of Indiana having been in default for failing to plead within the time set by the respondent court, it was the duty of the respondent to sustain relator's motion for judgment and to enter judgment accordingly. Acts 1881 (Spec. Sess.), ch. 38, §91, p. 240, being §2-1013, Burns' 1946 Replacement.

Since the respondent court refused to render judgment, mandamus is the proper remedy to compel the rendering of judgment. *State ex rel.* v. *Scott Circuit Court* (1932), 203 Ind. 572, 181 N. E. 523. This court may issue a writ of mandate to compel the performance of any duty enjoined by law upon the various courts of this State. Acts 1955,

ch. 253, §1, p. 647, being §3-2201, Burns' 1961 Cum. Supp.

The statute is specific on the duties of the parties on the overruling of a demurrer. The statute, Acts 1881 (Spec. Sess.), ch. 38, §91, p. 240, being §2-1013, Burns' 1946 Replacement, reads as follows:

> "The judgment upon overruling a demurrer shall be that the party shall plead over; and the answer or reply shall not be deemed to overrule the objection taken by demurrer. But no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appears from the whole record that the merits of the cause have been fairly determined. If a party fails to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default."

Relator's motion to strike the "Petition for Rehearing on Demurrer" filed by the State of Indiana should have been sustained by the respondent court, and further, respondent should have sustained relator's motion for judgment and entered judgment accordingly.

The temporary writ of mandate heretofore issued is made permanent.

Achor, C. J., and Bobbitt, J., concur.

Arterburn and Landis, JJ., concur in result.

NOTE.—Reported in 182 N. E. 2d 248.