STATE OF INDIANA *v.* JEAN ASHLEY HLADIK AND FRANCIS J. HLADIK, HER HUSBAND.

[No. 2-572A4. Filed October 24, 1973.]

*Theodore L. Sendak,* Attorney General, *John T. Carmody,* Deputy Attorney General, for appellant.

*Russell I. Richardson,* of Lebanon, *Power & Little,* of Frankfort, *Robison, Robison & Miller,* of Frankfort, for appellees.

WHITE, J.—The State of Indiana appeals from a judgment of $53,900 and interest rendered in an eminent domain action the State brought against Mr. and Mrs. Hladik (owners) to appropriate a strip of land in front of their nursing home for the widening of State Road 28, in or near the City of Frankfort in Clinton County. We affirm.

## I.

After due notice to owners, and pursuant to the eminent domain statutes,[1] an appropriation order was entered and appraisers were appointed, no objections to the taking having

---

1. Ind. Ann. Stat. § 3-1701 *et seq.* (Burns 1968 Repl.). Ind. Ann. Stat. § 32-11-1-1 *et seq.* (Burns Code Ed. 1973).

been filed. Both the State and the owners filed exceptions to the appraisers' assessment of damages and requested trial by jury of the issue of damages. Thus the normal "condemnation" issues of value of land taken and the amount of damage to the residue were joined for jury trial. But during the three years which elapsed before the case came on for trial, events occurred which resulted in an unusual additional issue of damages being injected into the case.

Some eight months before the trial the owners filed an "Amended Supplemental Pleading" in which they denominated themselves "third parties plaintiff" and "complain[ed] of the third party defendants, City of Frankfort, Hernley Brothers, Inc. and T. & F. Construction Corp. of Indiana". The gist of the allegations of that pleading was that the State of Indiana "did permit and authorize" the construction of a sewer and high tension electrical line by the City of Frankfort and its contractors in such a manner as to damage the nursing home and constitute an additional taking not included in the State's Complaint or the appraisers' award of damages.

The State and all the third party defendants filed identical motions to strike the owners' said supplemental pleading.[2] The motions of all the third party defendants were sustained but the motion of the state was overruled. These rulings

---

2. The identical "reasons" stated in each motion were:

"1. The procedures and pleadings relative to condemnation proceedings are clearly defined by statute, all as hereinafter more fully set out in the memorandum attached hereto.

"2. That the Third Party Complaint and Defendants' Supplemental Pleading heretofore filed in this cause on behalf of defendants, Jean Ashley Hladik and Francis J. Hladik, her husband, Citizens Building and Loan Assn., City of Frankfort, Hernly Brothers, Inc., T. & F. Construction Corp. of Indiana, is outside the pleadings enumerated by statute and is therefore improper."

The brief filed by owners in opposition to the State's motion to strike characterized the pleading as a counterclaim in inverse condemnation pursuant to Ind. Ann. Stat. § 3-1711 (Burns 1968 Repl.), now IC 1971, 32-11-1-12 (Burns Code Ed., 1973). It relied on *State* v. *Patten* (1936), 209 Ind. 482, 199 N.E. 577, and Trial Rule 13(A) and 13(B) as authorizing counterclaims of this nature in condemnation, or eminent domain proceedings.

were a part of the pre-trial order of April 23, 1971, which also stated, *inter alia:*

"During the recess the Court has considered the matter even further and has come to the conclusion that the Motions to Strike should be granted and now are granted insofar as third parties are concerned as to the City of Frankfort, Hernly Brothers, Inc., T. & F. Constructon Corporation of Indiana, in this cause for the following reasons:

"1. That the matters in issue in this cause, condemnation versus the parties defendant, was instituted by the State of Indiana;

"2. That the manner of taking and construction of the highway was such as to invite the incursions of third party defendant, if any;

"3. That the incursions and the taking, if any, by said third party defendants or either of them and the supplemental pleadings calling the same to the attention of the State of Indiana are sufficient notice to the State of Indiana to either answer as to the differences between the State and the third parties or to amend their complaint for taking and to cause the issues as between the parties defendant and the State to be fairly tried in the cause pending herein.

"The Court does, now, therefore, order the State of Indiana to amend it's pleading to include the taking of air space as alleged in Defendant's Supplemental Pleading and further to amend it's complaint to include the temporary taking as to the construction of the sewer facilities as alleged in defendant's Supplemental Pleading, Paragraph 7, or in the alternative to Reply in General Denial, for the reason that if the complaint is so amended or Reply filed, then Defendant Hladik's Amended Supplemental Pleading can be treated as a special affirmative answer filed after exceptions taken to the formal appraisal heretofore filed pursuant to Court order, condemnation entered March 22, 1968."

Some six weeks later, on June 7, 1971, the court made the following entry:

"The Court having examined the Pre-Trial Entry of April 23, 1971 now clearly denies and overrules the State's Motion to Strike and affirms the Court's order to the State to Amend it's Complaint or to Reply to Defendant's Supplemental Pleading.

"The Court further rules that in the absence of Amendment or Reply as ordered that the State may be defaulted upon such issues and the Clerk directed to enter the default prior to introduction of evidence in the jury trial to begin on June 14, 1971. Likewise in the absence of Amendment or Reply and the subsequent entry of default of the State upon such issues raised by Defendant's Supplemental Pleading the Court gives notice to the parties now under Trial Rule 55B and without further notice that evidence as to amount of damages must be introduced as to these issues in the defendant's case in chief in discharge of defendant's burden of proof before Court and jury June 14, 1971. The jury will be instructed to return damages for the taking of airspace, etc. in the same manner as the taking of land for the right of way as well as for all other damages as a consequence of the taking, manner of construction, etc."

A further entry was made the day of trial, in part as follows:

"At conference preceding prior to submission of the matter for trial this day, counsel report their conference with reference to Court's entry of April 23, 1971 and June 7, 1971. The cause is now submitted upon the issues raised by the within complaint, exceptions to the appraiser's award, the amended supplemental pleading herein by defendants and pursuant to the Court's ruling that third party defendants are not in this cause under the Court sustaining of Third Parties motion to strike in part amended supplemental pleading by defendant. The State's Motion to Strike said Amended Supplemental Pleading heretofore overruled and said ruling is now affirmed. The State's automatic exception to said overruling is saved for the record. Likewise the State has elected not to amend it's complaint nor to reply to the amended supplemental pleading of defendants. The defendants have not requested and do not now request default but agree to the submission of this cause upon the pleadings as aforesaid. The State does not join in said agreement relying upon its exception to the Court overruling of the State's Motion to Strike."

Despite its exception to the court's motion to strike owners' amended supplemental pleading (hereinafter also "counterclaim") and its refusal to plead to it, the State has assigned no error with respect to that ruling. The first point in the

proceedings at which the State's motion to correct errors assigns trial court error with respect to the matters alleged in the counterclaim is the point at which the trial court overruled the State's objection to the Court's Preliminary [jury] Instruction No. 3. That instruction reads as follows:

"You are further instructed that after the formal taking or appropriation of the land and improvements by the State of Indiana the defendants have filed an Amended Supplemental Pleading alleging certain damages which arose after such taking from the manner of the appropriation and the manner of construction of the improvements upon land taken by the State of Indiana. You are also to determine these damages as a part of your verdict on the south side of Highway 28 West if evidence is offered and admitted by the Court upon these issues."

The State's objection was:

"No. 1. The amended supplemental pleading of defendant is by its terms not directed at plaintiff but is directed at third party defendants which are not present at this trial. That the Court has heretofore stricken said pleading as if applied to said third party defendants. That no issue is raised as to the plaintiff by said supplemental pleading.

"No. 2. The amended supplemental pleading was filed more than ten days after the filing of the report of the appraisers.

"No. 3. Paragraph 6 of said pleading alleges that the Court appraisers understood that the nursing home would not be affected by the taking, which allegation cannot raise any issue against the State of Indiana.

"No. 4. The amended supplemental pleading purports to raise issues as to possible damages which cannot be attributed to the State as to the electric wires and sewers which might be proper allegations against the named third party defendants in the nature of trespass, nuisance or inverse condemnation, but are not proper allegations against the State of Indiana.

"No. 5. The Court has no right to tell the jury that they are to make certain damage findings if certain evidence is offered and admitted as the Court cannot anticipate evidence and rulings as to admissability until such evidence is offered at the trial."

In response to the State's objection the trial court stated:

"Alright, the same are on the record. The Court now indicates that it will give the Court's Preliminary Instruction No. 3 as tendered over the objection of the State of Indiana thereto and for the reason that the Court has given the State of Indiana the opportunity to amend, the opportunity to reply, the opportunity to bring in third party defendants, and as in previous rulings the Court has indicated that the Court is not without remedy to enforce its ruling in this matter. The Court is presenting by this instruction the issue which the State has refused in two pre-trial conferences to comply with the ruling of the Court, and has assumed the stance and the position that it wishes to go to trial upon the record as is. The Court is not left powerless to raise the issue in the fashion that the Court deems it wise short of: (1) mandate, (2) contempt proceedings, (3) default, and now indicates it will give Court's Preliminary Instruction No. 3 and instruct the jury upon final instructions to consider said elements of damage that are the result of matters set in motion by the State of Indiana by its original complaint, appropriation and manner of construction of improvements upon land taken by the State of Indiana."

During the course of the trial the State objected to photographs and other evidence offered by owners relating to construction of the sewer line and the electric power line. The overruling of these objections is, by overly general reference, also assigned as error.[3] And at the close of the evidence the State tendered its jury Instruction No. 1, as follows:

"You shall not assess any damages arising from the installation and maintenance of electric wires and the sewer referred to in this trial, as said electric wires and sewer were constructed by and are owned by the City of Frankfort, Indiana."

3. The assignments are:
" (4)  The court erred in overruling plaintiff's objection to Defendants Exhibits 7, 8, 9, 10, 11 and 12 which were photographs of sewer excavation, piles of dirt and other construction details which were not pertinent to actual highway construction—no connection was ever made.
" (5)  The Court erred in overruling plaintiff's objection to admission of evidence as to power lines and sewer lines being constructed for the City of Frankfort."
They present nothing for review. See section II, p. — hereof.

The court refused to give that instruction. Instead the court's Preliminary Instruction No. 3 was reread as a final instruction over the State's renewed identical objection.

The effect of each and all of the foregoing rulings, and particularly the giving of the court's preliminary instruction No. 3, was to treat the State's refusal to "reply" as an admission of the liability alleged in the owners' amended supplemental pleading. At the time the instruction was given the State had, indeed, admitted liability by failing to reply to owners' supplemental pleading. The instruction was therefore correct.

It always has been a rule of pleading in Indiana that an adverse party's failure to answer a complaint or to reply to a counterclaim is an admission that the facts alleged in the complaint or counterclaim (except amount of damages) are true and that the party failing to answer or reply is liable on the claim (cause of action) asserted in the complaint or counterclaim. Under our former rules of code pleading that rule was embodied in Ind. Ann. Stat. § 2-1055 (Burns 1967 Repl.) which provided:

> "Every material allegation of the complaint, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purpose of the action, be taken as true, but the allegations of new matter in reply are to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require. Allegations of value or amount of damage, shall not be considered as true by the failure to controvert them . . . ."

That principle is preserved in our new rules of notice pleading by Trial Rule 8 (D), which reads:

> "(D) Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

While it is true that the owners' supplemental pleading does not appear, by its caption and title, to be a "denominated counterclaim", which is the only counterclaim to which a literal reading of Trial Rule 7(A)[4] requires a reply, the trial court did rule that it was a permissible pleading,[5] and did order the State to reply to it and did warn the State of the consequences of failing to reply. Under such circumstances there is no basis for holding that a reply was waived or that for any reason the supplemental pleading should be deemed denied.[6] On the contrary, as was said in *State ex rel. Randolph* v. *Hancock Circuit Court* (1962), 243 Ind. 156, 160, 182 N.E.2d 248, "[t]he Court having . . . entered a rule requiring the State to plead over or to answer the amended petition . . . it must be considered that the State by not answering or pleading over . . . not only waived all issues as to the pleadings, but also *admitted that the relator's petition stated a good cause of action as a matter of law.*"[7] (Our emphasis.)

---

4. Trial Rule 7(A) reads:
   "Pleadings. The pleadings shall consist of:
   (1)   a complaint and an answer;
   (2)   a reply to a denominated counterclaim;
   (3)   an answer to a cross-claim;
   (4)   a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and
   (5)   a third-party answer.
No other pleadings shall be allowed; but the court may, in its discretion, order a reply to an answer or third-party answer. Matters formerly required to be pleaded by a reply or other subsequent pleading may be proved even though they are not pleaded."

5. Whether it was a permissible pleading in an eminent domain action we need not decide since the State preserved no error as to that ruling. There is authority for it in *State* v. *Patten* (1936), 209 Ind. 482, 199 N.E. 577; Trial Rule 13 (B).

6. *Cates* v. *Long* (1947), 117 Ind. App. 444, 446, 72 N.E.2d 233; *Costigan* v. *Schalk* (1924), 82 Ind. App. 180, 183, 145 N.E. 510. See also *Youngstown Sheet and Tube Co.* v. *Lucey Products Co.* (5th Cir. 1968), 403 F. 2d 135, 138.

7. The statutory basis of that holding was Ind. Ann. Stat. § 2-1013 (Burns 1967), now superseded by the new rules of practice which have also, of course abolished demurrers. § 2-1013 provided that "[i]f a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." The same result when a motion to dismiss is overruled and the movant fails to file a responsive pleading is now provided for in Trial Rule 6(C), 7(C), 8(D) and 55(A).

If there was error in the court's ordering the State to deny the owners' supplemental pleading (or counterclaim) the State has abandoned, or waived, the error by failing to assert it in its motion to correct errors.[8] The same is true of the overruling of the State's motion to strike the counterclaim. By failing to deny the allegations of the supplemental pleading the State has admitted liability for the damages alleged therein.[9] On the state of the record we have before us there is no error in the proceedings we have discussed.

## II.

The State also argues that the trial court erred in admitting evidence of gross income and in excluding evidence as to net profits. If there was error committed in those respects it has been waived by the State's failure to make its statement of claimed errors, in its motion to correct errors, "specific rather than general" and by its failure to accompany it with "a statement of the facts and grounds upon which the errors are based". Trial Rule 59 (B). *Daben Realty Co., Inc.* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809, 812, 34 Ind. Dec. 505, 509.

These arguments are based on the following statements in the motion to correct errors:

"(2) The Court erred in permitting over the plaintiff's objection the introduction of evidence as to gross-profits. The current law in Indiana is to the effect that 'no evidence as to the value of the business should be permitted in the case of bar' from *Elson* v. *City of Indianapolis* (1965), 246 Ind. 337, 204 N.E.2d 857, at 861. The inadmissibility of evidence as to profits is affirmed in *State* v. *Hierholzer*, 207 N.E.2d 218.

---

8. TR. 59(G) makes a motion to correct errors a condition precedent to an appeal from a final judgment. It also provides: "Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors. . . ." *Martin* v. *Grutka* (1972), 151 Ind. App. 167, 278 N.E.2d 586, 591, 29 Ind. Dec. 242, 250.

9. TR. 8(D) quoted in the text, *ante; State ex rel. Hancock Circuit Court, supra; Peters & Russell, Inc.* v. *Dorfman* (7th Cir. 1951), 188 F. 2d 711.

"(3) The Court erred in overruling that the plaintiff could not cross-examine on the subject of profits including net profit once the subject was opened up by admission of evidence on gross-profits.

\* \* \*

"(6) The Court erred in refusing to allow the plaintiff to go into the subject of capitalization on cross-examination of appraisal witness, McCormick.

\* \* \*

"(8) The Court erred in ruling that plaintiff could not go into net profits as one of the basis for capitalizing the stream of income with plaintiff's witness, Virgil Heid."

With respect to failure to comply with the requirements of Trial Rule 59(B), the foregoing assignments bear a striking resemblance to the assignment we held bad in *Daben Realty, supra.* We need but repeat what we there said:

"Nowhere in the motion . . . is the question or the plaintiff's objection set out, either in substance or verbatim.

"Trial Rule 59(B), IC 1971, 34-5-1-1, requires that '[t]he statement of claimed errors [in the motion to correct errors] shall be specific rather than general. . . .' This rule, we believe, preserves the pre-existing case law requirement that:

" ' "In order to preserve for review the refusal of the court to permit a witness to answer a question on direct examination, the motion for new trial must show the question, the objection, and the offer to prove what evidence would have been given by the witness in answer to the question." *Blackard* v. *Monarch's, etc., Inc.* (1961), 131 Ind. App. 514, 521, 169 N.E.2d 735, 97 A. L. R. 2d 1255.' *City of South Bend* v. *Fink* (1966), 139 Ind. App. 282, 288, 219 N.E.2d 441, 445.

"Appellant's failure to comply with the rule results in nothing being presented to us for review." 290 N.E.2d at 812.

The judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 302 N.E.2d 544.